[S. F. No. 1475.    Department Two.—November 1, 1900.]

In the Matter of the Estate and Guardianship of FANNY MARIE CAMPBELL, a Minor. W. H. CAMPBELL, Appellant, v. JOHN WRIGHT, Respondent.

GUARDIAN AND WARD—RIGHT OF PARENT TO GUARDIANSHIP.—Under section 246 of the Civil Code, and sections 1747 and 1751 of the Code of Civil Procedure, the superior court has not unlimited discretion to appoint for a minor a guardian other than the father or mother if, in its opinion, the interests of the minor would be thereby subserved. Under such latter section, and under the general law the *prima facie* presumption is that the parent is competent, and the court is not authorized to appoint another as guardian unless it finds to the contrary.

ID.—FINDING OF INCOMPETENCY OF PARENT.—Upon a contest between the father and a maternal grandparent for the guardianship of a minor, an order appointing the grandparent as guardian is not

sustained by the findings, unless the court finds that the father is incompetent. A mere finding that the appointment of the grandparent is for the best interests of the minor, in respect to its temporal, mental, and moral welfare, is insufficient.

APPEAL from an order of the Superior Court of Santa Clara County appointing a guardian for a minor. M. H. Hyland, Judge.

The facts are stated in the opinion.

H. V. Morehouse, F. J. Hambly, and Terrill & Richardson, for Appellant.

Jackson Hatch, and J. E. O'Connor, for Respondent.

SMITH, C.—The appellant, who is the father of Fannie Marie Campbell, an infant of two years of age, applied to the lower court by petition to be appointed guardian of her person and estate, the last consisting of personal property of merely nominal value. The application was contested by the respondents, John and Mary Wright, the maternal grandparents of the minor, who made a counter application for the appointment of John Wright, the grandfather, who was accordingly appointed by the court. The appeal is from this order.

The petition—or as it is entitled, "answer"—of the respondents contains no allegation that the appellant was in any way unfit for the office of guardian. Nor is there anything in the findings (or indeed in the evidence) that can be regarded as tending to show such unfitness. But the petition of the respondents, in effect, alleges, and the court in its conclusions of law finds, that "it is for the best interests of the said minor child, in respect to its temporal, mental, and moral welfare. that . . . . the custody of said minor child be awarded to said John Wright."

The language of the court is taken from section 246 of the Civil Code, which was apparently construed as giving to the court the unlimited discretion to appoint for the minor a guardian other than the father, if in its opinion the interests of the minor would be thereby subserved. But in this the court, I think, misconstrued the extent of its discretion.

Under the general law, and independently of the provisions of the codes, the father has a natural right to the care and custody of his child (2 Kent's Commentaries, 205; Schouler on Domestic Relations, secs. 245-48); and this right is recognized by the provisions of our codes (Civ. Code, sec. 197; Code Civ. Proc., sec. 1751); which are to be regarded as but a re-expression of the principles of the common law governing the subject. (Civ. Code, sec. 5.) The father's right, at least so far as the services of the child are concerned, is strictly a property right, for the loss of which—as in the case of servants generally—an action could at common law be maintained; and in other respects the right, though not commonly spoken of as such, is of essentially the same nature as the right of property. For though the subject of the right is not salable, it is valuable, and of all species of property the most valuable to the parent. Hence it is a mistake to suppose that the right of the father is merely fiduciary. It is that; but it is also—like the right of the child in the father—a right vested in him for his own benefit, and of which it would be a personal injury to deprive him. The right must therefore be regarded as coming within the reason, if not within the strict letter, of the constitutional provisions for the protection of property. (Beatty, C. J., in *Ex parte Miller*, 109 Cal. 662.)

The father's right is, however, coupled with the obligation to support and educate the child (Civ. Code, sec. 196), and is also qualified and strictly limited by the fact that the child itself is a human being, and as such vested with rights for which it is entitled to protection. Hence it is the clear right and duty of the state, to the extent the protection of the child may require, to control and limit, and under certain circumstances to terminate, the right of the father. Accordingly, independently of numerous statutory enactments, courts of equity have always, by the appointment of guardians and otherwise, exercised a liberal jurisdiction over the persons and estates of minors; and this jurisdiction may be said to be limited only by the principle on which it rests—namely, the necessity of protecting the rights of the child.

But the question here does not relate to the general right of the state, as exercised by the English court of chancery or courts of equity in this country, but to the special powers conferred by the codes on the superior court for the appointment of guardians. These do not purport to confer upon the superior court, acting in the special proceeding, all the powers hitherto exercised by courts of equity, but only the power to appoint guardians in certain cases (Code Civ. Proc., sec. 1747), and under certain conditions (Code Civ. Proc., sec. 1751); and the case is therefore to be determined by these provisions. By the former section the power of the court to appoint guardians is limited to the case "of minors who have no guardian legally appointed by will or deed"; and the same limitation is prescribed by section 243 of the Civil Code, and section 241 therein cited. In the latter section the power of the parent to dispose of the custody of the child by will or deed is expressly recognized; and this must be taken as a recognition of the general right of the parent to dispose of the custody of the child, of which it is but a special example. For it would be unreasonable to suppose that the legislature intended to limit or restrict a right, universally recognized in our own and in all systems of law, to the single case provided for; which must therefore be regarded simply as an application of the recognized principle.

Accordingly, by the provisions of section 1751 of the Code of Civil Procedure, it is made the duty of the court to appoint the father or mother of the minor, "if found by the court competent to discharge the duties of guardianship." But under this provision, and under the general law, the *prima facie* presumption is that the parent is competent; and hence the court is not authorized to appoint another as guardian, unless it finds to the contrary. Hence the section is to be construed as if it read that the father or mother is to be appointed "if not found by the court incompetent," etc. The fact of the competency or incompetency of the father was, therefore, the controlling question in this case; and as there is no finding on the point, the findings must be regarded as insufficient to support the order appealed from.

The point is also made by the counsel for the appellant that the petition of the respondents was insufficient to confer jurisdiction on the court. Whether this is the case, or the same rule is to be applied as to the case of an insufficient complaint in an ordinary action, is an interesting question. A petition is necessary in order to confer jurisdiction on the court, as was held in *Ex parte Miller, supra;* but whether a petition that fails to set forth the jurisdictional facts will be sufficient is not there determined, and need not be determined on this appeal.

I advise that the order appealed from be reversed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

Temple, J., Henshaw, J., McFarland, J.