[Civ. No. 3740. Second Appellate District, Division One.—November 8, 1921.]

## HELEN N. NEWBY, Respondent, v. GEORGE W. NEWBY, Appellant.

[1] DIVORCE—APPEAL—JUDGMENT-ROLL—ABSENCE OF FINDING AS TO ISSUE—PRESUMPTION.—Where an appeal from an interlocutory decree of divorce is taken on the judgment-roll alone, it must be presumed in support of the judgment that no testimony was offered on the issue of respondent's alleged desertion, as to which there was no finding.

[2] ID. — EXTREME CRUELTY — SEPARATION AT COMMISSION — INSUFFICIENT JUSTIFICATION.—Acts of cruelty are not justified by reason of the fact that at the time of their commission the parties were living separate and apart.

[3] ID.—CUSTODY OF MINOR—AWARD TO STRANGER—ABSENCE OF FINDING OF UNFITNESS OF PARENTS—ERRONEOUS ORDER.—Where, in an action for divorce, the custody of a minor child of the marriage was sought by each of the parties upon the ground of the alleged unfitness of the other, it was error to award the custody to a stranger without a finding as to the unfitness of the parents.

[4] PARENT AND CHILD—BEST INTEREST OF CHILD—AWARD OF CUSTODY TO PARENT—PRESUMPTION.—The law presumes that the interest of a child will be best subserved by awarding its care to a parent, unless he or she is unfit to have its care.

[5] ID.—FITNESS OF PARENT—PRESUMPTION.—In the absence of either evidence or finding showing the contrary, the law presumes that either parent is a proper person to whom its care should be awarded.

---

3. Denial of custody of child to parent for its well-being, note, 41 L. R. A. (N. S.) 564.

APPEAL from a judgment of the Superior Court of San Bernardino County. Rex B. Goodcell, Judge. Affirmed and reversed.

The facts are stated in the opinion of the court.

McNabb & Hodge for Appellant.

Allison & Dickson for Respondent.

SHAW, J.—Defendant appeals from the judgment-roll alone from an interlocutory decree of divorce granted plaintiff upon the ground of alleged cruelty.

[1] The contention is that the court failed to find upon material issues, in that defendant alleged desertion on the part of the plaintiff. In support of the judgment, we must presume, in the absence of the evidence brought up in the record, that no testimony was offered touching such issue, as to which there is no finding.

[2] Conceding that at the time when the acts of cruelty were committed by defendant the parties were living separate and apart from each other, such fact could afford no justification for defendant's acts of cruelty.

[3] It appears there was a minor female child of the parties, aged six years, the custody of which was asked by each of the parents upon the ground of alleged unfitness of the other, and as to which issue the court made no finding. But, as a conclusion of law, found that it is for the best interest of the child that its custody be awarded to a third person, and thereupon made an order awarding its custody to a stranger. As father of the child, appellant attacks this order, claiming that in the absence of a finding of unfitness, the custody of the child should have been awarded to one of the parents. In this we agree with appellant. Section 138 of the Civil Code provides that in such actions the court may make an order for the custody, care, and support of minor children of the marriage; and section 246 of said code provides that the court, in the determination of such matters, shall be guided, first, "by what appears to be for the best interest of the child"; and, second, "as between parents adversely claiming the custody or guardianship, neither parent is entitled to it

as of right; but other things being equal, if the child is of tender years, it should be given to the mother.'' It is apparent that in making the order the court was controlled by subdivision 1 of said section. [4] The law, however, presumes that the interest of a child will be best subserved by awarding its care to a parent, unless he or she is unfit to have its care. Section 197 of the Civil Code provides: ''The father and mother of a legitimate unmarried minor child are equally entitled to its custody, services and earn ings,'' unless, as further provided, they are unable or refuse to take the custody, or have abandoned his or her family, in which cases, as well as for other causes, they should be deemed unfit as such custodians. This section should be construed with subdivision 1 of section 246, and so read, they contemplate that the natural right of the parent to the care of a minor child, if a fit and proper person, shall prevail as against an entire stranger. [5] In the absence of either evidence or finding showing the contrary, the law presumes that either parent is a proper person to whom his care should be awarded. And where, as here, since in the absence of a finding upon the issue of fitness either is presumably a proper person, the court, guided by subdivision 2 of section 246, should have awarded the custody of the minor child to one of its parents. By reason of the right which the law presumes to be vested in the parent, the rule declared in section 1751 of the Code of Civil Procedure, as to guardians, read with and modified by the provisions of section 246 of the Civil Code, is applicable, viz.: that under section 1751 ''the father or the mother of a minor child under the age of fourteen years, if found by the court competent to discharge the duties of guardianship, is entitled to be appointed a guardian of such minor child, in preference to any other person.'' (*Guardianship of Mathews,* 169 Cal. 26 [145 Pac. 503]; *In re Mathews,* 174 Cal. 679 [164 Pac. 8]; *In re Campbell,* 130 Cal. 380 [62 Pac. 613].) And under section 246, by reason of the presumptive right thereto, unless found by the court to be an unfit and improper person, the father or the mother is entitled to the care and custody of the minor child.

The interlocutory decree of divorce is affirmed. The order awarding the custody of the minor child of the par-

ties is reversed, with direction to the trial court, upon a further hearing of the matter as to the custody of the minor child, to make a finding upon the issue as to the alleged unfitness of the respective parties to have the care of the child, and award its custody in accordance with such finding.

Conrey, P. J., and James, J., concurred.