[Civ. No. 6651. First Appellate District, Division Two.—March 4, 1929.]

GIUSEPPE BARBIERI, Respondent, v. ROSE BARBIERI, Appellant.

A. J. Stebenne for Appellant.

A. Kincaid for Respondent.

NOURSE, J.—This is an appeal from an order modifying a final decree of divorce in respect to the custody and maintenance of the minor child of the parties.

The litigation commenced in 1920 when the plaintiff filed a suit for divorce charging his wife with cruelty. The defendant filed a cross-complaint upon the same grounds, and upon the trial of the issues the court found that none of ·plaintiff's allegations had been proved; that all the allegations of the cross-complaint were true. Thus we have a finding that defendant was a fit and proper person to have the care, custody, and control of the minor child, and that the plaintiff was unable to care for it. As a result of an agreement of the parties the actual custody of the child was awarded to the defendant's parents in the interlocutory decree, which was entered February 10, 1921. The same order was made in the final decree of February 25, 1922, and these parents have continuously taken such care of the

child that no word of criticism of their conduct appears in any part of the record.

On September 2, 1926, the plaintiff in the action, pretending to be aggrieved because the grandparents permitted the child to be removed to the home of their son for a few weeks because another member of the family was ill at the home of the grandparents, moved the court for a modification of the decree so that the custody should be awarded to a convent in Redwood City. The motion was heard upon the affidavit of plaintiff and the oral testimony of the defendant. There is no dispute as to the facts. At the time of the interlocutory decree the child was three and one-half years of age. At the time of the hearing of the motion she was about nine years. She was left with the grandparents with the consent of her parents, and throughout her stay with them has been well cared for, attending school and Sunday school from the time she reached the proper age. The home of the grandparents was found to be a fit and suitable home for the child; that "there could not be a better place."

■ Motions of this character are always addressed to the discretion of the trial court, but there are certain well-defined rules affecting the rights of the parties which must be followed in the exercise of that discretion. Thus the law "presumes that the interest of a child will be best subserved by awarding its care to a parent, unless he or she is unfit to have its care" (*Newby* v. *Newby*, 55 Cal. App. 114 [202 Pac. 891]). ■ Where, as here, the findings are that the mother is a fit and proper person to have the custody of the child and that the father is unable to care for it, the mother is entitled to the custody. Where temporary custody is given a stranger without abandonment or waiver of this right on the part of the mother, but with the consent of all parties, the mother is entitled to assert her right to the custody in preference to any other person. (*Newby* v. *Newby, supra.*)

Thus, if any showing had been made that the interests of the child required her removal from the care of the grandparents (and none was attempted beyond the mere conclusions of the plaintiff) then, under the rule of the case cited, the award should have been made to one of the parents. In any event, the award of the custody to the convent, in the

absence of a finding of unfitness, was a breach of the rights of the parents.

We find no merit in respondent's objections to the transcripts; they are both certified as required by the statute.

Order reversed.

Sturtevant, J., and Koford, P. J., concurred.