[L. A. No. 15485. In Bank.—April 27, 1936.]

EUGENE R. STEVER, Respondent, v. MAE I. STEVER, Appellant.

Archie L. Tower for Appellant.

Cameron & Perkins for Respondent.

CURTIS, J.—Respondent was granted a divorce from appellant by default. There was one child, Betty Jean Stever, a girl then five years of age. No disposition was made as to her custody nor provision for her support in either the interlocutory or final decree of divorce. The child continued to live and reside with appellant, her mother, who still has her physical custody. On March 15, 1935, four years after the interlocutory decree was entered, appellant caused an order to show cause to be issued out of the trial court requiring the respondent to show cause on a day therein named, why legal custody should not be awarded to appellant and respondent required to pay towards the support and mainte-

nance of said minor. On the day appointed, the respondent appeared, and a hearing was had on appellant's motion at which hearing affidavits and oral testimony were offered by the parties to said action. No stenographic reporter was present and no record was made of the evidence admitted at said hearing. Respondent presented no counter petition for the custody of said minor. At the conclusion of the hearing, the court awarded the custody of said minor to Wesley R. Stever and Mary L. Stever, the parents of the respondent father, and directed the father to pay the sum of fifteen dollars per month towards the support of his said minor child. Ample provision was made in the decree for each parent to visit and take said minor child to their respective homes at proper intervals of time. No findings were made by the court, and consequently the court made no findings as to the fitness of the parents, or either of them. The mother has appealed from said order, and for ground of appeal asserts that the court erred in awarding said minor to strangers without a finding as to the fitness of the parents, and particularly as to her fitness to have the care and custody of her minor child. It is apparent from the record that the order awarding the custody of the minor to his parents was made with the consent of the respondent, if not at his instance and request. Therefore, the only question before us is whether the trial court erred in awarding said minor to the parents of the respondent without finding the appellant to be an unfit person to have the care and custody of her own child.

In a number of cases it has been held that in a proceeding between the parents of minor children to modify the interlocutory or final decree respecting the custody of the children, it is not necessary that the court make findings as to the unfitness of one or either of the parents. (*Crater* v. *Crater*, 135 Cal. 633, 635 [67 Pac. 1049] ; *Simmons* v. *Simmons*, 22 Cal. App. 448, 456 [134 Pac. 791] ; *Gavel* v. *Gavel*, 123 Cal. App. 589, 591 [11 Pac. (2d) 654] ; *Beal* v. *Beal*, 218 Cal. 755, 758 [24 Pac. (2d) 768].)

In guardianship proceedings, which are governed by sections 1747 to 1751 of the Code of Civil Procedure (prior to the adoption of the Probate Act), it is held that before the court can appoint a stranger as guardian of a minor under fourteen years of age, it must find that the parents are in-

competent to act as guardian. (*In the Matter of Campbell*, 130 Cal. 380, 383 [62 Pac. 613].) In the case of *Guardianship of Mathews' Estate*, 169 Cal. 26 [145 Pac. 503], which was a contest between the mother of a minor and a stranger, for the guardianship of the child, it was held that a finding of the court that the mother was competent compels her appointment, notwithstanding her straitened financial condition, and the further fact that apparently the child's material welfare would best be served by giving it to another. However, where the mother of a minor child less than a year old was dead, and the court found the father to be an unfit person to have the care of the child, an order appointing a stranger as guardian was held to be proper. (*In re Bensfield*, 102 Cal. App. 445 [283 Pac. 112].)

The only California case directly in point, so far as we are informed, with the present action, is the case of *Newby* v. *Newby*, 55 Cal. App. 114 [202 Pac. 891]. In that case the controversy was over the custody of a minor child, six years of age. Each parent asked for its custody upon the ground of alleged unfitness of the other, and as to which issue the court made no finding. But as a conclusion of law, the court found that it was for the best interests of the child that its custody be awarded to a third person, and thereupon made an order awarding its custody to a stranger. On an appeal from said order by the father, the order was reversed. That case was not brought up to this court, and accordingly it has not had the approval of this court. However, we are impressed with the reasoning of the court in its opinion, and agree with the conclusion reached therein. We quote therefore the following portion of said opinion which expresses our views upon the question now before us.

"As father of the child, appellant attacks this order, claiming that in the absence of a finding of unfitness, the custody of the child should have been awarded to one of the parents. In this we agree with appellant. Section 138 of the Civil Code provides that in such actions the court may make an order for the custody, care, and support of minor children of the marriage; and section 246 of said code provides that the court, in the determination of such matters, shall be guided, first, 'by what appears to be for the best interest of the child'; and, second, 'as between parents adversely claiming the custody or guardianship, neither parent

is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother'. It is apparent that in making the order the court was controlled by subdivision 1 of said section. The law, however, presumes that the interest of a child will be best subserved by awarding its care to a parent, unless he or she is unfit to have its care. ▮ Section 197 of the Civil Code provides: 'The father and mother of a legitimate unmarried minor child are equally entitled to its custody, services and earnings,' unless as further provided, they are unable or refuse to take the custody, or have abandoned his or her family, in which cases, as well as for other causes, they should be unfit as such custodians. This section should be construed with subdivision 1 of section 246, and so read, they contemplate that the natural right of the parent to the care of a minor child, if a fit and proper person, shall prevail as against an entire stranger. In the absence of either evidence or finding showing the contrary, the law presumes that either parent is a proper person to whom his care should be awarded. And where, as here, in the absence of a finding upon the issue of fitness either is presumably a proper person, the court, guided by subdivision 2 of section 246, should have awarded the custody of the minor child to one of its parents. By reason of the right which the law presumes to be vested in the parent, the rule declared in section 1751 of the Code of Civil Procedure, as to guardians, read with and modified by the provisions of section 246 of the Civil Code, is applicable, viz.: that under section 1751 'the father or the mother of a minor child under the age of fourteen years, if found by the court competent to discharge the duties of guardianship, is entitled to be appointed a guardian of such minor child, in preference to any other person'. (*Guardianship of Mathews' Estate,* 169 Cal. 26 [145 Pac. 503] ; *In re Mathews' Estate,* 174 Cal. 679 [164 Pac. 8] ; *In re Campbell's Estate,* 130 Cal. 380 [62 Pac. 613].) And under section 246, by reason of the presumptive right thereto, unless found by the court to be an unfit and improper person, the father or the mother is entitled to the care and custody of the minor child.'' The order awarding the custody of the minor was reversed with directions to the trial court upon a further hearing of the matter to make a finding as to the alleged unfitness of the parents to have the care of said minor. This case seems to

be upon ''all fours'' with the instant action, and in our opinion should control our decision of the question as to the necessity of a finding as to the unfitness of the parents to have the custody of said minor before it can award the custody of said minor to a stranger. As the respondent has apparently consented to the order giving the custody of his child to his parents, the question of his fitness to have her custody is not involved. But before the court can deprive the mother of her right to the minor's custody and give her into the charge of strangers, there must be a finding that the mother is an unfit person to have the custody of her child.

The evidence before the trial court upon the hearing of appellant's motion to modify the decree is not before us. There are in the clerk's transcript two questionnaires with the answers of each party to the questions contained in the questionnaire submitted to him or her. Assuming that these documents are legally included in the clerk's transcript and are therefore properly before us, they constitute only a part of the evidence before the trial court at said hearing. This appears from the order itself which recites, ''Witnesses were sworn and examined and documentary evidence was introduced and the matter was submitted to the court for decision.'' Were all the evidence properly before us, we might make the required finding but with the condition in which we find the record, we are, of course, not authorized to make any change in the findings. The motion to dismiss is denied.

For the failure of the court to find that the appellant was an unfit person to have the custody of said minor child, the order awarding the custody of said minor to the paternal grandparents of said minor is reversed with directions to the trial court upon a further hearing of said matters to make a finding as to the fitness of appellant to have the custody of said minor.

Shenk, J., Langdon, J., Conrey, J., Seawell, J., and Waste, C. J., concurred.