[Civ. No. 2226.   Fourth Appellate District.—June 28, 1938.]

JEAN GRIFFIN EDDLEMON, Appellant, v. JOEL RICH-
ARD EDDLEMON, Respondent.

Wagy & Hulsy for Appellant.

No appearance for Respondent.

MARKS, J.—This is an appeal from an order awarding
the custody of Volene Jo Ann Eddlemon, a minor of the age
of seven years, to Sallie Ida Eddlemon, her grandmother.

Volene Jo Ann Eddlemon is the daughter of Jean Griffin
Eddlemon and Joel Richard Eddlemon. They were finally
divorced on November 5, 1935. The interlocutory decree of
divorce gave the custody of the child to the grandmother
after a stipulation to that effect by the parents. The final
decree of divorce continued this order. Except for the time
intervening between February 29, and November 23, 1936,
custody of the child has been continued in the grandmother.
The record shows that the grandparents have given the child
a good home and excellent care.

Based on numerous supporting affidavits, an order to show
cause was issued on June 29, 1937, directing the grandmother

to show cause why the custody of the child should not be awarded to the mother. A hearing was had and on August 24, 1937, the mother was denied custody of her daughter. Custody of the child was continued in the grandmother. This appeal is from that order.

The undisputed evidence shows that the mother was a fit and proper person to have the custody of her daughter, that she was financially able to provide for her and that the home she proposed to provide in Bakersfield, was suitable. There is similar proof of the qualifications and home of the grandmother. We have here a contest between a mother and a grandmother, both of whom desire the custody of the minor, both of whom are fit persons to care for the child and both of whom propose to properly provide and care for her. There was no evidence of abandonment of the child by the mother. While the grandparents largely provided for the support of the child, they did not request any contributions to this support from the mother. The trial court made no finding that the mother was unfit to have the care, custody and control of her daughter.

The question here presented has been before our courts in the cases of *Newby* v. *Newby*, 55 Cal. App. 114 [202 Pac. 891], and *Stever* v. *Stever*, 6 Cal. (2d) 166 [56 Pac. (2d) 1229], in both of which it was held that before a court can take the custody of a minor child under the age of fourteen years away from its parent and place it in a stranger (in the Stever case, in its grandparents) it must find that the parent seeking custody of the child is unfit to have such custody.

These cases are controlling here. As there is no finding that the mother is unfit to have control of her minor daughter the trial court should not have deprived her of that custody by placing it in the grandmother.

The order is reversed.

Barnard, P. J., concurred.