[Civ. No. 12612. Second Appellate District, Division Two.—April 19, 1940.]

In the Matter of the Guardianship of the Person of ROBERT LEE De RUFF, a Minor. PAUL De RUFF, Appellant, v. BERTHA M. ROBINSON, Respondent.

W. Frank Shelley for Appellant.

Moody & Whitney and H. Rawlins Overton for Respondent.

McCOMB, J.—This is an appeal from an order awarding the custody of defendant's minor son, nine years of age, to the child's maternal grandmother.

The essential facts are these:

Defendant and his wife are divorced. The present action was instituted by the maternal grandmother of the minor child of defendant and his divorced wife, seeking the custody of said child, whom after a hearing the trial court awarded to plaintiff. The trial court failed to make a finding that defendant, the father of the child, was an unfit person to have the custody of his minor son.

This is the sole question to be determined:

*Was it error, in the absence of a finding that defendant was an unfit person to have the custody of his minor child, to award said child to the custody of his maternal grandmother?*

This question must be answered in the affirmative. Section 1407 of the Probate Code reads as follows:

"Order of right to guardianship. Of persons equally entitled in other respects to the guardianship of a minor, preference is to be given as follows:

"(1) To a parent;

"(2) To one who was indicated by the wishes of a deceased parent;

"(3) To one who already stands in the position of a trustee of a fund to be applied to the child's support.

"(4) To a relative."

This section of the Probate Code is based, so far as material in the present case, upon the first sentence in section 1751 of the Code of Civil Procedure as it existed prior to 1931, the date of the adoption of the Probate Code.

In construing section 1407 of the Probate Code so far as it carries into effect the provisions of the first sentence of section 1751 of the Code of Civil Procedure as it existed before 1931, our Supreme Court in *Stever* v. *Stever,* 6 Cal. (2d) 166 [56 Pac. (2d) 1229], held that in a proceeding to obtain the custody of a minor child by one other than the child's natural parent, when a parent also sought the custody of the child, it was a prerequisite to an order awarding the custody to the person other than the parent that the trial court make a finding that such parent was an unfit person to have the custody of his minor child.

Therefore, since in the present case the trial court did not make a finding that defendant, the natural parent of the child, was an unfit person to have his custody, the order awarding the custody of said minor to plaintiff, the maternal grandmother, is reversed.

Moore, P. J., concurred.