[Crim. No. 1781. Third Dist. Sept. 30, 1942.]

In re GRACE WHITE, on Behalf of ROBERT LAVOY WHITE, on Habeas Corpus.

Pugh & Pugh for Petitioner.

Ware & Ware for Respondents.

SCHOTTKY, J. pro tem.—Petitioner asks, by her application for a writ of habeas corpus, to have the custody of Robert

LaVoy White restored to her. A similar application was made to the Superior Court, in and for the County of Tehama, and denied.

It is alleged in the petition that William D. White and Leathy Beryl White, paternal grandparents of the minor, are illegally detaining said minor and restraining him of his liberty.

The petitioner was the wife of LaVoy White, who obtained a divorce from her, the final decree being entered on May 15, 1940. The minor is the son of said parties, his age being six years. By the terms of the final decree the custody of said minor was awarded to the parents equally, each to have his custody for one-half of every year. The father was ordered to pay $15 per month for the support of the child during the time he was with the mother.

Subsequent to the filing of the petition this court made an order appointing a referee to hear all the issues involved, and report his findings thereon. Thereafter, respondent's grand-parents filed a notice of motion to discharge said writ, upon the ground that the issues involved were adjudicated fully, adversely to petitioner herein, in the prior habeas corpus proceedings involving the same parties and the same child. Said motion was heard by this court, and in the opinion denying said motion (49 Cal. App. (2d) 160 [121 P. (2d) 100]), this court said:

"Respondents rely upon *In re Holt,* 34 Cal. App. 290 [167 Pac. 184], where it was held that a prior hearing upon habeas corpus, under identical facts, in the superior court, is *res adjudicata,* where the custody of children is involved.

"Petitioner relies upon *In re Livingston,* 108 Cal. App. 716 [292 Pac. 285], where it is held that a prior hearing, in such a case, cannot be *res adjudicata* in an appellate court, if the decision of the superior court is based upon questions of law alone. We believe that the latter view must prevail here. Under no circumstances could it be said that respondents have any *legal* right to the custody of the minor. In the eyes of the law, they are mere interlopers who have no standing before this court. On the other hand, petitioner is the mother, and, under the terms of the decree, has a right to the custody at certain times. Her rights cannot be ignored, or lightly brushed aside. Furthermore, the petition recites that at the former hearing no evidence was introduced relating to the fitness of any of the parties to have the custody of the minor,

or of environment. The court made no findings, but merely denied the writ. The question decided by the superior court was therefore one of law alone. Petitioner is therefore entitled to a full hearing in this court upon the issues set forth in her petition.

"The motion is denied, and the referee directed to proceed with the hearing."

The referee then proceeded to take testimony in said matter, and after the report of the referee was filed, the return date on the writ of habeas corpus was fixed by the court. Upon the hearing, counsel for respondent was granted leave to have petitioner sworn, and to interrogate her further, but the only new matter brought out was that petitioner had changed her employment since the hearing before the referee, and is now employed as an inspector by the Navy Department, at a higher compensation, and that instead of living at the home of her mother, she now lives in a new defense home, rented by her, with her grandmother and her three-year-old daughter. The referee found that the child's paternal grandparents, with whom the child is now living, had a comfortable home, and that the child was receiving proper care and attention at their hands, and that they were in all respects fit and proper persons to have the custody of the child. The referee likewise found that the petitioner was actuated by a mother's natural desire to have her small son and daughter with her, and that this was prompted by a real love for her children; and that the child would receive proper nourishment, care and education if he were entrusted to petitioner; and that petitioner was in all respects a fit and proper person to have the custody and control of the child. The referee thereupon recommended that the prayer of the petition be granted, and that the child be awarded to petitioner.

No attack is made by respondents upon the sufficiency of the evidence to support the findings of the referee, and we hereby adopt said findings as the findings of this court. Respondents do, however, contend most earnestly that the writ should be discharged, because the issues involved in the petition therefor were fully adjudicated in the habeas corpus proceeding in the Superior Court of Tehama County. In view of the fact that this court has, in the opinion hereinbefore referred to, already denied the motion to discharge the writ upon that ground, we deem it unnecessary to discuss that contention further.

■ The law presumes that the interest of a child will be best subserved by awarding its custody to a parent, unless such parent is unfit to have its care. The law regards the parents as the natural guardians of their children, and section 197 of the Civil Code provides as follows:

"The father and mother of a legitimate unmarried minor child are equally entitled to its custody, services and earnings. If either the father or mother be dead or unable or refuse to take the custody or has abandoned his or her family, the other is entitled to its custody, services and earnings."

■ The right of a parent to the care and custody of a child cannot be taken away merely because the court may believe that some third person can give the child better care and greater protection. One of the natural rights incident to parenthood, a right supported by law and sound public policy, is the right to the care and custody of a minor child, and this right can only be forfeited by a parent upon proof that the parent is unfit to have such care and custody. In the instant case there is no evidence that petitioner abandoned the minor child, although it is true that, because of necessity, petitioner left the child with respondents in March, 1940. The father of the child is now at Pearl Harbor, and has taken no part in these proceedings, and apparently has not sought to secure the custody of the child. The petitioner is now remarried, and while her present husband is in the military service of the United States, she is employed in a responsible position and is apparently able to provide for the support of the minor child, even without any assistance from the father. The findings of the referee, which we have adopted, show that the petitioner is a fit and proper person to have the care and custody of said child. Under such circumstances we must hold that the respondents have no natural or legal right to retain the custody of said minor child as against petitioner. It is perhaps unnecessary to state that the Superior Court of Tehama County has the jurisdiction and power to modify the decree of divorce with reference to the custody of the minor child, in an appropriate proceeding therefor, and upon evidence which justifies such modification.

As was said in the case of *Eddlemon* v. *Eddlemon*, 27 Cal. App. (2d) 343 [80 P. (2d) 1009], at page 344:

"The question here presented has been before our courts in the cases of *Newby* v. *Newby*, 55 Cal. App. 114 [202 Pac. 891], and *Stever* v. *Stever*, 6 Cal. (2d) 166 [56 P. (2d) 1229],

in both of which it was held that before a court can take the custody of a minor child under the age of fourteen years away from its parent and place it in a stranger (in the Stever case, in its grandparents) it must find that the parent seeking custody of the child is unfit to have such custody.

"These cases are controlling here. As there is no finding that the mother is unfit to have control of her minor daughter the trial court should not have deprived her of that custody by placing it in the grandmother."

For the reasons hereinbefore set forth, it is therefore ordered that the minor child, Robert LaVoy White, be discharged from the illegal detention and custody in which he is now held by respondents, and committed to the custody of petitioner herein.

Thompson, J., and Adams, P. J., concurred.