[Civ. No. 14876.   Second Dist., Div. Two.   Apr. 12, 1945.]

CLIFFORD STANTON HEINZ, Appellant, v. ELIZABETH HEINZ, Respondent.

A. E. Coppleman and Louis Bean, Jr., for Appellant.

Maurice Rose for Respondent.

McCOMB, J.—This is an appeal by plaintiff from a judgment (1) giving the physical custody of the minor son of the parties hereto to the Ambassador Gardens Nursery School for a period of one year, and (2) enjoining plaintiff from removing his minor son from the county of Los Angeles.  This appeal is on the judgment roll alone.

The undisputed facts are these:

Plaintiff instituted the present action to obtain the exclusive custody of the minor son, age five, of the parties hereto. After a trial the court found that the plaintiff was a fit and

proper person to have the care and custody of his minor son.[1]
The court also found that defendant was not a fit and proper
person to have the permanent custody of said child.[2]  There-
after, the court entered a judgment containing among others
these provisions:

"It is ordered, adjudged and decreed, that the custody of
the minor child, Clifford Stanton Heinz, the Third, is awarded
to the plaintiff, Clifford Stanton Heinz, provided that the
said minor child shall be placed in the Ambassador Gardens
Nursery School for a period of one year or until further order
of the Court. . . .

"It is further ordered that both parties are hereby enjoined
from removing the said minor child from the County of Los
Angeles, State of California."

There are two questions necessary for us to determine which
will be stated and answered hereunder seriatim:

■ First: *Having found that plaintiff was a fit and
proper person to have the custody of his minor son and that
the defendant was not a fit and proper person for such pur-
pose, did the court exceed its jurisdiction in awarding the
physical custody of the child to the Ambassador Gardens
Nursery School?*

This question must be answered in the affirmative.  The
law is established in California that a court does not have
jurisdiction to award the custody of a minor child to a stranger
as against a parent who is found to be a fit and proper person
to have its custody and who is in a position to take care of
the child.  (*Stever* v. *Stever,* 6 Cal.2d 166, 169 [56 P.2d
1229]; *In re White,* 54 Cal.App.2d 637, 640 [129 P.2d 706];
*Guardianship of De Ruff,* 38 Cal.App.2d 529, 530 [101 P.2d
521]; *Eddlemon* v. *Eddlemon,* 27 Cal.App.2d 343, 344 [80
P.2d 1009]; *Newby* v. *Newby,* 55 Cal.App. 114, 116 [202 P.
891].)

Applying the foregoing rule to the facts in the instant case,
since the trial court found that plaintiff was a fit and proper
person to have the custody of his minor son the court erred

[1]Finding VI read:
"That the plaintiff is a fit and proper person to have the care and
custody of Clifford Stanton Heinz, the Third, the minor son of the
parties hereto."
[2]Finding VII read:
"That the defendant is not a fit and proper person to have the perma-
nent custody of the said minor son, Clifford Stanton Heinz, the Third."

in awarding the physical custody of the child to the Ambassador Gardens Nursery School.

Defendant's argument that plaintiff may be inducted into military service is immaterial on the present appeal. Should such an event take place, the trial court upon proper application could then award the custody of the child after making proper ·findings supported by substantial evidence in such manner as may appear to be for the best interests of the minor.

*Peterson* v. *Peterson*, 64 Cal.App.2d 631 [149 P.2d 206], is not in point for the reason that in the Peterson case it was necessary to determine which of the parents, both of whom were fit and proper to care for the child, should be awarded the minor's custody. In the present case the question is whether the court can award the custody of a minor child to a stranger as against the claim of a parent who has been found to be a fit and proper person to have the child's custody.

■ Second: *Did the trial court err in ordering plaintiff not to remove his minor son from Los Angeles County?*

This question must likewise be answered in the affirmative. Section 213 of the Civil Code reads thus:

"A parent entitled to the custody of a child has a right to change his residence, subject to the power of the proper court to restrain a removal which would prejudice the rights or welfare of the child."

In *Luck* v. *Luck*, 92 Cal. 653, 655 [28 P. 787], our Supreme Court states the rule thus: ". . . if he [the father] is entitled to the custody of the children at all, he has the right to name any reasonable place in which they shall abide with him. . . ."

Applying the foregoing rule to the facts of the present case, since the trial court found that plaintiff was a fit and proper person to have the custody of his minor child and there was no finding that the child's rights or welfare would be prejudiced by his removal from Los Angeles County, the court's order in restraining plaintiff from removing his son from Los Angeles County was erroneous.

For the foregoing reasons the following provisions in the judgment are stricken:

". . . provided that the said minor child shall be placed in the Ambassador Gardens Nursery School for a period of one year or until further order of the Court.

"It is further ordered that the plaintiff pay the charges for tuition at the said school in the sum of $125.00. . . .

". . . in accordance with the rules and regulations of the said school, said visitation shall take place at 528 South Normandie, Los Angeles, California . . . nor at the ranch of said school in San Fernando Valley.

"It is further ordered that during such period of time the said minor child shall be in the said school one of the parties is entitled to have the child on one weekend and two weeks thereafter, on the weekend, the other party may have the child and so to alternate in taking the child, always, however, allowing two weeks to elapse wherein the child shall not be taken from the said school. Said child shall at all times be subject to the rules and regulations of said school; defendant to have the said minor child at her home for the first weekend of October, 1944, and the plaintiff to have the said minor child at his home during the third weekend of October, 1944.

"It is further ordered that both parties are hereby enjoined from removing the said minor child from the County of Los Angeles, State of California."

As thus modified the judgment is affirmed.

Moore, P. J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 31, 1945. Schauer, J., voted for a hearing.