[Civ. No. 12772. First Dist., Div. Two. June 8, 1945.]

LILLIAN CATHERINE BOOTH, Appellant, v. WALTER
SHERMAN BOOTH, Respondent.

Campbell, Hayes & Custer and Robert E. Hayes for Appellant.

Byrl R. Salsman for Respondent.

NOURSE, P. J.—The plaintiff appeals from an order of

the superior court denying her motion to change the award of custody of a minor child of the parties.

In September, 1934, an interlocutory decree of divorce was granted plaintiff without contest in which the custody of their two-year-old girl was awarded to the defendant father. In June, 1938, the plaintiff moved for an amendment of the decree relating to the custody of the child and her motion was denied. In January, 1944, another motion was made for the same purpose and denied. This is the subject of the appeal.

The grounds of the motion are that the circumstances had changed since entry of the former award; that plaintiff now has a comfortable home where she lives with her second husband and a six-year-old son born of the second marriage; that defendant is in the United States Army and has placed the child in the home of his parents; that the child had reached the age when she needs the guidance and counsel of her natural mother and that this was for the best interest "mentally, physically and morally" of the child. The counsel who had represented the defendant in all the former proceedings appeared in response to the motion and requested a continuance under the Soldiers' and Sailors' Civil Relief Act of 1940 [54 Stats. 1178; 50 U.S.C.A.App. § 501 et seq.] because of the defendant's absence in the military service. In denying this request the trial court notified all parties that if the plaintiff should establish any ground for a consideration of her motion the application of defendant for a continuance would be granted. The plaintiff was then given every opportunity to present her case "that conditions have so changed as to justify the modification," *Prouty* v. *Prouty,* 16 Cal.2d 190, 193 [105 P.2d 295]. The trial court in its judgment found that a modification was not justified, and the controlling question on this appeal is whether such finding was such an abuse of discretion that the appellate court should assume the function of a court at nisi prius and try the issues of fact.

There is little dispute in these facts. The parties were married when both were young and were soon separated. The plaintiff's parents are unknown. The defendant lives with his parents and this has been the home of the minor almost from her birth when the plaintiff tossed the baby into the care of its paternal grandmother and refused to give her

any further care or attention. The offer of defendant in this hearing to prove that during the marriage the plaintiff had committed numerous acts of adultery was rejected. The same trial judge had heard the divorce proceeding, and a former motion, and was cognizant of the entire background upon which the controversy between the parties was based.

 At the close of the hearing the trial judge filed an opinion and order which affirmatively finds that the conditions do not justify a modification of the decree, and gives the reasons for so holding. We quote with approval the following:

"On September 7th, 1934, this court gave its interlocutory decree of divorce in the above case; and therein awarded the custody of the minor daughter of the parties to the defendant father. The child, Barbara May Booth, was then only two years of age.

"At that time, and continuously ever since, the defendant has had and maintained his residence at the home of his mother, Mrs. Sydney Portner; and he kept and maintained the child, Barbara, there.

"In 1938, the plaintiff—having in the meantime remarried—applied to this court for an order changing the custody of Barbara from the defendant father to the plaintiff mother.

"This motion was, after a full hearing denied by the court.

"There were no written findings made at any of the three court actions.

"On July 1st, 1942, the defendant was drafted into the military service of the United States of America; and on or about February 1st, 1943, was detailed to service abroad. He is still in service abroad.

"On February 4th, 1944, the plaintiff filed herein another application to have the custody of Barbara given to her.

"This motion came on for hearing before this court, without the presence of the defendant, and without any notice to him thereof."

"The plaintiff contends that there has never been any finding by the court of her unfitness to have the custody of her child, and that therefore her rights in the matter are equal to rights of the defendant. Assuming, without conceding those contentions, it would logically follow that the defendant's rights in these regards would be at least equal to hers. And this would call for such a hearing as would give each of the contending parties an equal opportunity for present-

ing his or her case. This opportunity is not being had by the defendant under the existing conditions.''

''The child now twelve years of age is well, strong, and healthy. She is receiving most excellent care and education and training—is attending Miss Harker's School, which is an exceptionally high class girls school; and is apparently quite happy and contented. The home in which she lives is her father's home to which she was taken by him, when he was awarded her custody, and where he has ever since maintained her. She is receiving now the same care, the same maintenance, training and education she has been receiving continuously for the past ten years, and all under the father's custody. During that ten years, her contacts with the plaintiff have been few—not more than three or four times in the ten years. Her mother is really a stranger to her. The plaintiff, after her divorce from defendant, left this part of the state, remarried, has a six-year-old son by her present husband; and has been living in Southern California with her new family most of these intervening years.

''I can find in these conditions no reason for urgency of action on the pending motion for change of custody of Barbara. I am of opinion the hearing on the motion should be stayed until the defendant can be present in court in person.

''Plaintiff contends that she is entitled, as a mother of right to the custody of Barbara, on the basis the father is unable to care for the child and has left her with his mother —that there has never been any finding that plaintiff is not a fit person for such custody—and finally that the grandmother has no rights in the premises as against the mother.

''The authorities cited to support these contentions are neither compelling nor persuasive.

''This is not a contest between the mother of a child, and the grandmother of that child. The grandmother has no custody nor claims any. The custody is in the father; and the child is in his home, being maintained, trained and educated in accordance with his directions, and still under his control—notwithstanding his enforced temporary absence in an honored cause.

''Nor is there any force in the plaintiff's contention that, because no written findings have been made herein, her fitness has never been in question. It has been held repeatedly that such findings are not necessary, in a contest between the parents over the custody of a minor child.

"Our statute provides that—other things being equal—the custody of a child of tender years should be given to the mother. This is expressly so in the case of a female child.

"Yet in the instant case, the child Barbara—then only two years of age, was taken from the mother, and given to the father. That order of this court was acquiesced in, without appeal or further action, for some four years; and, after one move for change of custody, continued for six years longer.

"The presumption attaching to the court action would be that it was properly taken, and that it was justified by the facts made known to the court. It was not necessary that those facts should be stated.

"To take this young girl from the only home she has ever known, and from an environment which is as favorable to her development and education as could very well be devised, and send her away to live with a strange new family in a strange new community, would be against the best interest of the child. . . . ''

The soundness of these views rests in the principle heretofore stated that the burden is on the moving party to prove the justification for the modification of the decree. In *Prouty* v. *Prouty*, 16 Cal.2d 190, 193 [105 P.2d 295], the Supreme Court thus stated the rule:

"It must be borne in mind that in every proceeding to modify a provision for the custody of a minor child the burden is on the moving party to satisfy the court that conditions have so changed as to justify the modification. All presumptions are in favor of the reasonableness of the decree, and in the absence of a showing that compels the conclusion that the decree should be modified, an appellate court cannot interfere with the trial court's refusal to modify it. (*Gavel* v. *Gavel*, 123 Cal.App. 589 [11 P.2d 654].) '' (To the same effect are *Foster* v. *Foster*, 8 Cal.2d 719, 726 [68 P.2d 719]; *Olson* v. *Olson*, 95 Cal.App. 594, 597 [272 P. 1113]; 19 C.J. 350.)

Appellant's argument that the court "erred as a matter of fact" because the child's welfare would be promoted by a modification of the order is not supported by the record. All the competent evidence is to the contrary. The testimony upon which appellant relies consists of conjectures and intimations not based upon any fact. The evidence discloses an unusual case where the father and his parents

have given the child exceptional advantages of education and care, special lessons in music, religious and social training, and the enjoyment of good companions, none of which were shown to be available under appellant's care.

This leaves no ground for a claim of ''changed conditions'' except the fact of respondent's induction into the military services. If it be the law that a father who has had legal custody of his daughter for more than thirteen years and has provided her the best of care, education and training, may be deprived of that custody just because he has been inducted into military service, then the reason for the Soldiers' and Sailors' Civil Relief Act becomes apparent and the father should be allowed his day in court. Otherwise that act becomes a mere psuedo-patriotic gesture to be used at the whim of the trial judge under the appellation of ''judicial discretion.''

But the appellant argues that as a matter of law the court erred because she is ''entitled'' to the custody in the absence of a finding of unfitness. This is not the law of the cases cited. *Stever* v. *Stever*, 6 Cal.2d 166, 170 [56 P.2d 1229], was a contest between the mother of a minor child and its paternal grandparents. When the parties were divorced no disposition was made as to the custody of the minor. Four years later, upon application of the child's father, the court awarded its custody to his parents. In reversing the order the Supreme Court said: ''But before the court can deprive the mother of her right to the minor's custody and give her into the charge of strangers, there must be a finding that the mother is an unfit person to have the custody of her child.'' *Eddlemon* v. *Eddlemon*, 27 Cal.App.2d 343 [80 P.2d 1009]; *In re White*, 54 Cal.App.2d 637 [129 P.2d 706]; *Guardianship of De Ruff*, 38 Cal.App.2d 529 [101 P.2d 521]; and *Roche* v. *Roche*, 25 Cal.2d 141 [152 P.2d 999], were contests between a parent of the child and its grandparents. The philosophy of all these cases is based upon the early rule of *In re Campbell*, 130 Cal. 380 [62 P. 613], that the right of a parent to the use of a minor child is a right of property of which a parent cannot be deprived unless the court finds that he or she is ''unfit.'' These authorities are not applicable here because, as pointed out in the opinion of the trial court, no findings were required and none were made when the final decree was entered. But it may be presumed from the fact

that the plaintiff, though awarded the decree of divorce, was denied the custody of the child that the court then deemed her unfit. That she was saved the stigma of a finding of ''unfitness'' does not avail her now. In her present application the burden was on her to show that there was such a substantial change in the circumstances that the trial court was left with no discretion to determine what was for the best interest of the child, but that it was the duty of the court to modify the award because, and only because, the father was called to participate in the military services. It cannot be possible that the authorities cited by the appellant were intended to support her argument that a father of a minor child should be penalized with an order depriving him of custody just because he has undertaken to take his part in the national defense.

 If the rule of the earlier cases that ''the good of the child is regarded as the controlling force'' (*Crater* v. *Crater*, 135 Cal. 633, 634 [67 P. 1049]) is still applicable in a controversy of this type, then the order must be affirmed for the further reason that all the evidence, without the least conflict, demonstrates that the best interests of the child require that she should not be removed from her present exemplary care and surroundings.

The order is affirmed.

Sturtevant, J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied July 7, 1945, and appellant's petition for a hearing by the Supreme Court was denied August 6, 1945. Edmonds, J., voted for a hearing.