[Civ. No. 7046. Fourth Dist. Mar. 20, 1963.]

KATHRYN A. HOBBY, Plaintiff and Appellant, v. HAROLD O. HOBBY, Defendant and Respondent.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

Leonard H. McBride for Plaintiff and Appellant.

Mons M. Nicholl for Defendant and Respondent.

GRIFFIN, P. J.— In 1955, plaintiff-appellant, then aged 15, married defendant-respondent, then aged 20. A child, Janet Sue Hobby, was born, the issue of said marriage. In 1958, plaintiff brought this action for divorce and custody of said minor child. After hearing, a divorce was granted to plaintiff and custody of the child awarded to her, subject to the right of defendant to reasonable visitations. Shortly after the child was born, by consent of both parents herein, she was delivered to the maternal grandparents, C. L. and Mrs. Thomas, who thereafter, and up until the present time, have had the physical custody of said minor child. At all times while the child was in the care of the maternal grandparents, she was well treated and well provided for. In 1960, a dispute arose over failure of the father to make payments for the child's support. A nonsupport proceeding was sought against defendant. On January 25, 1961, defendant father filed his affidavit and request for modification of the award of custody of the child. A hearing was had and it developed from that showing that the mother, plaintiff herein, became emotionally disturbed and depressed and injected herself with heroin and thereafter became addicted to its use; that previously in 1960 she was granted probation on a plea of guilty to the offense of sale of marijuana. Subsequently, she was arrested, charged with and pleaded guilty to possession of heroin, and released to the custody of her father who delivered her to a federal hospital facility in Kentucky for treatment. After four and one-half months there, she returned to live with her parents in Santa Ana. She again became a user, her probation was revoked and she was committed to Corona, a state prison, where she presently remains. Apparently, her child and her parents visited her there and she showed great devotion to the child, and the

child's relationship to the grandparents was of the highest type.

The probation officers made thorough investigation and reported and recommended that the custody of the child remain with the plaintiff as before. There was evidence that the child was emotionally upset and disturbed after returning from visits with defendant in his home.

Defendant's evidence shows that he subsequently remarried and now lives in Glendora, owns his own home, is fully employed and able to care for the child. He testified that when he attempted to visit the child at the Thomas home he seldom found her there; that the Thomases would not permit him to take the child to his home for various reasons, including nonsupport; that he feels that he and his present wife could do a better job of raising the child than the grandparents, due to age and companionship; that his present wife has one child of the same age by a former marriage and is expecting another; that these children all get along very well together; that defendant has paid over $1,800 for the support of said child while she was living with the grandparents and that he is now able to support her in his home much better.

The Thomases testified that the child was well cared for while in their custody and that defendant told them he was not going to pay for the child's care any longer if they did not relinquish the child to him.

After considering all the evidence, including the criminal files and record of plaintiff, the court made the order changing custody to defendant father. The defendant filed no brief on this appeal. We will therefore consider the facts and authorities as related in plaintiff's opening brief. (Cal. Rules of Court, rule 17 (b).)*

The main contention made by plaintiff is that the facts do not show a sufficient substantial change of circumstances justifying a change of custody; that there was no showing that the maternal grandparents were incompetent, and that the unfortunate activities of the mother would not and did not affect the welfare of the child; and that the best interests of the child would not be served by the change. (Citing such authority as *Washburn* v. *Washburn,* 49 Cal.App.2d 581 [122 P.2d 96]; *Johnson* v. *Johnson,* 72 Cal.App.2d 721 [165 P.2d 552]; *Newman* v. *Newman,* 109 Cal.App.2d 359 [240 P.2d 682]; *Booth* v. *Booth,* 69 Cal.App.2d 496 [159 P.2d 93]; Civ. Code § 138, subd. (2).)

---

*Formerly Rules on Appeal, rule 17(b).

 Of course, the burden of proving change of conditions, if necessary, is upon the moving party. (*Booth* v. *Booth, supra,* 69 Cal.App.2d 496; *Frizzell* v. *Frizzell,* 158 Cal.App.2d 652, 655 [323 P.2d 188]; *Urquhart* v. *Urquhart,* 196 Cal.App.2d 297, 301 [16 Cal.Rptr. 469].) This is not a contest between the father of the child and the grandparents. It is between the father and mother of the minor child. The grandparents have no legal custody. The legal custody was in the mother and she could change the care of the child by the grandparents at any time. (*Roche* v. *Roche,* 25 Cal. 2d 141 [152 P.2d 999].)

 There certainly was a change of conditions in relation to the fitness of the mother to have custody of the child. Just how long the mother will be confined in prison is not shown. It does fairly well appear that the child was being cared for by the grandparents in a splendid manner. Opposed to this is the evidence produced by defendant. The real question is what is best for the welfare of the child. (*Beyerle* v. *Beyerle,* 155 Cal. 266 [100 P. 702].) This was a factual question for the determination of the trial judge and he has broad discretion in this respect. (*Sorrels* v. *Sorrels,* 105 Cal.App.2d 465 [234 P.2d 103]; *Nave* v. *Nave,* 35 Cal.App. 27 [169 P. 253].) No abuse of discretion appears.

Order changing custody affirmed.

Coughlin, J., and Brown (G.), J., concurred.