[Crim. No. 10671.   Second Dist., Div. Four.   Mar. 3, 1965.]

In re Roland Barker on Behalf of DEBRA LYNN BARKER, a Minor, etc., et al., on Habeas Corpus.

Bruce P. Wolfe for Petitioner.

Frederick M. Kraft for Respondents.

FRAMPTON, J. pro tem.*—Petitioner is the natural father of Debra Lynn Barker and Kimberly Sue Barker, minors and wards of the Juvenile Department of the Circuit Court of the State of Oregon for the County of Lane.

Pending disposition of certain criminal proceedings pending against the petitioner the Oregon court authorized Robert M. Phillips, Jr., and Patsy L. Phillips, husband and wife, hereinafter referred to as the Phillips, to take said minor children from the State of Oregon to the State of California on the condition that it was their duty to return the children to the court for any further hearing as ordered. Robert M. Phillips, Jr., is the brother of the deceased mother of the minor children.

The criminal proceedings have been concluded favorably to petitioner, the Oregon court on December 22, 1964, made its order awarding legal custody of the children to petitioner under the supervision of the Juvenile Department of the Circuit Court for Tillamook County, and ordered the Phillips to deliver custody to petitioner at his home in Tillamook, Oregon, on or about 3 p.m. of December 27, 1964. On December 26, 1964, the Phillips, then in Los Angeles, California, with the children, wired the circuit court that they were unable to comply with the order, stating further that a formal reply would follow. No such formal reply was made according to the record.

On January 13, 1965, the circuit court issued its order directing the Phillips to deliver the minor children to petitioner at the office of the Sheriff of Los Angeles County at the hour of 1 p.m. on January 25, 1965. The Phillips having failed to comply with the latter order, the circuit court on January 28, 1965, issued its order to show cause why the Phillips should not be held in contempt of court for their failure to comply with the order of January 13, 1965.

On January 25, 1965, the Phillips appeared at the office of the Sheriff of Los Angeles County with their attorney, but without the children. At this time petitioner was served with a petition brought by the Phillips to have the minor children declared free of parental control under the provisions of section 232 of the Civil Code and to have custody awarded to them. Hearing on this petition was set for February 10, 1965. On this date the judge to whom it was assigned continued the hearing thereon until June 30, 1965, and ordered the parties to take the matter up with the Oregon court,

---

*Assigned by the Chairman of the Judicial Council.

and over the objection of petitioner, without hearing any testimony, granted temporary custody of the minor children to the Phillips. On February 11, 1965, petitioner sought to file in the superior court a petition for writ of habeas corpus to obtain custody of his minor children and the judge who had continued the hearing on the petition under section 232 of the Civil Code refused to issue the writ.

■ Under the circumstances here shown, petitioner is entitled to the custody of his minor children under the order of the Circuit Court of the State of Oregon unless a court having jurisdiction subsequently found him to be an unfit person to have their custody. (*In re Edwards,* 208 Cal. 725, 733 [284 P. 916]; *In re White,* 54 Cal.App.2d 637, 640 [129 P.2d 706]; *Wilkinson* v. *Wilkinson,* 105 Cal.App.2d 392, 400 [233 P.2d 639]; *Yates* v. *Yates,* 138 Cal.App.2d 711, 716 [292 P.2d 934].)

The trial court had two opportunities to conduct a hearing as to the fitness or unfitness of the petitioner to retain custody of his minor children awarded him by the order of the Oregon court, once under the petition to have them declared free of parental care and again on the petition for habeas corpus. The court refused to proceed with either hearing and made its order depriving petitioner of his right to custody without a finding as to his unfitness to have such custody.

Inasmuch as it appears from the record here that petitioner is entitled to the custody of his minor children pursuant to the order of the Oregon court and there having been no adjudication of any change of conditions occurring between the date of the order giving him custody and the date of this hearing, this court must order that the children, Debra Lynn Barker and Kimberly Sue Barker, be delivered to the custody of their natural father, Roland Barker, the petitioner herein. (*In re Bergman,* 133 Cal.App.2d 323 [283 P.2d 1063].)

It is so ordered.

Files, P. J., and Jefferson, J., concurred.