[Civ. No. 3419. First Appellate District, Division One.—September 1, 1920.]

## RICHARD D. JONES, Respondent, v. DORA PAULINE JONES, Appellant.

[1] DIVORCE—CUSTODY OF CHILDREN — DISCRETION. — In dealing with domestic troubles and the care, custody, and education of minor children of disagreeing parents, the superior court should have a wide range of discretion, in order to be able to adapt its orders to varying circumstances and conditions for the purpose of doing justice not only to the parents in their unfortunate differences but especially to the helpless minor children.

APPEAL from an order of the Superior Court of Santa Barbara County modifying an interlocutory decree of divorce with respect to the care and custody of a minor child. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ingall W. Bull and Harold Larson for Appellant.

Wm. G. Griffith and Robert M. Clarke for Respondent.

WELCH, J., *pro tem.*—On May 20, 1918, plaintiff and defendant were husband and wife. On that day the husband commenced this action to obtain a judgment of divorce from his wife. She answered on the same day, and the court thereupon granted an interlocutory decree of divorce in favor of plaintiff. The defendant offered no evidence. Findings were prepared (or already prepared), signed, and entered on said May 20th. On that day also, by mutual agreement, in writing, the property rights of the parties were settled, which writing was immediately recorded.

The husband charged desertion—which was not the real cause of complaint, as is so often the case in this class of litigation. In her answer, the wife alleged that she "voluntarily" deserted and abandoned plaintiff, but "did so with good cause." Claiming, however, that she was a fit and proper person to have the care and custody of the minor child of the union, nine years old, she prayed the court for such care and custody. The court granted her prayer "subject to the further orders of the court respecting the

minor child, and subject to the right of the plaintiff to visit and to be visited by said minor child at reasonable and suitable times and places.''

In October of the same year the plaintiff moved the court for a modification of the interlocutory decree of divorce with respect to the care and custody of the said minor child, and after a full hearing, in which both parties introduced extensive testimony, the court granted the motion, and entered an order to the effect that the minor be sent for his education to the Deane School for Boys in El Montecito, Santa Barbara County (the county in which the parents lived, and in which the trial took place), and giving to each parent the right to visit the child at the school at all times, subject to the rules of the school. The order further provided that during the first half of each school vacation the mother was to have the custody of the minor, and the father during the second half, each parent to have the privilege of visiting the boy while in the custody of the other, all subject to the further order of the court. The father was adjudged to pay all expenses of the child's education. The defendant appeals from this order.

There is no merit in the appeal. A careful examination of the record before us has not disclosed any error of the trial court, and the evidence fully justifies the trial court in modifying its order. For this reason we do not set forth in detail the evidence in the case. [1] In dealing with domestic troubles and the care, custody, and education of minor children of disagreeing parents, the superior court of the state more than ever before should have a wide range of discretion in order to be able to adapt its orders to varying circumstances and conditions for the purpose of doing justice not only to the parents in their unfortunate differences, but especially to the helpless minor children. Not only in fact but in law was the order now under review modifying the interlocutory decree of divorce justified and authorized. (Civ. Code, sec. 138; *Baker* v. *Baker,* 139 Cal. 626, [73 Pac. 469]; *Nave* v. *Nave,* 35 Cal. App. 27, [169 Pac. 253]; *Bancroft* v. *Bancroft,* 178 Cal. 352, [173 Pac. 582]; *Simmons* v. *Simmons,* 22 Cal. App. 448, [134 Pac. 791]; *Crater* v. *Crater,* 135 Cal. 633, [67 Pac. 1049].)

Order affirmed.

Richards, J., and Waste, P. J., concurred.