[Civ. No. 7290. Second Appellate District, Division One.—January 14, 1931.]

THERESA BROWNING, Appellant, v. GEORGE L. BROWNING, Respondent.

A. W. Sorenson, Margaret E. Faires and Hubert T. Morrow for Appellant.

W. I. Gilbert for Respondent.

HOUSER, J.—Originally, the action upon which this appeal is predicated was brought by the appellant herein for a divorce from the respondent. Incidental thereto were the major questions which are involved in this appeal and which relate to the validity of each of two provisions contained in the judgment, which respectively affect the custody of the minor child of the parties to the litigation and the approval by the trial court of a property settlement entered into between such parties prior to the institution of the action.

In effect, the issues presented by the pleadings were twice tried. By the terms of the judgment rendered on the first trial plaintiff was granted a divorce from defendant; the custody of the minor child was provided for; and the property settlement theretofore entered into between the parties was approved. On motion of plaintiff, limited to the issues which related to the mentioned last two provisions

of the judgment, a new trial was ordered generally. On retrial before a different judge, findings of fact were made and judgment rendered substantially identical with the findings made and judgment rendered on the first trial—from which it would follow that, even assuming that on the second trial the only issues triable were those which related to the custody of the minor child of the parties and the fairness of the property settlement theretofore entered into between them—the plaintiff suffered no injury from the fact that on the second trial the case was tried as to all issues originally involved in the action.

That part of the order of the trial court with reference to the custody and care of the minor child of the parties to the action which is the subject of objection by appellant was as follows:

"It is further ordered, adjudged and decreed, that until further order of this court, the plaintiff shall have the custody of Thurlough Browning, the minor child of the parties hereto, with the following exceptions, to-wit: (Then follow particular directions as to when and under what circumstances the father of the child should be accorded the privilege of visiting the child, or of having its temporary custody.)

"Donald Fricke, M. D., physician and child specialist, is hereby appointed to supervise and take care of the physical wellbeing and welfare of said child, and to recommend and prescribe the treatment to be given said child, and to prescribe the treatment and care to be given said child as to diet, hours of sleep, periods of rest, exercise, recreation, work, and all other activities bearing upon said child's physical condition, and to prescribe when and when not the child shall remain in the house or in bed, and to prescribe when and when not the child is in physical condition to change custody, and to prescribe when and when not the defendant should be permitted to visit said child when said child is sick.

"Dr. George H. Kress, oculist, is hereby appointed to prescribe and give treatments for said child's eyes.

"The child specialist and the oculist so appointed shall serve until further order of this court, . . . ''

The particular criticism of appellant of such order is that, although it provides that the custody of the minor

child shall be in the mother, the care of such child is placed in a third person—a physician. With reference thereto, the evidence adduced on the trial showed that the child was not in the enjoyment of good health. From a reading of the order of which complaint is made it becomes apparent that, as far as was practicable, the intention of the trial court was to insure the welfare of the child and, to that end, to prevent either of the parties to the divorce action from doing anything which would or might materially injure the health and well-being of the child. Except on stated occasions and fixed periods, when the father was permitted its temporary custody, the permanent custody of the child was awarded to the mother. The only limitation on such arrangement related solely to medical care and treatment of the child, which was to be under the recommendation of a physician—with the additional proviso that he should "prescribe when and when not the child is in physical condition to change custody, and to prescribe when and when not the defendant should be permitted to visit said child when said child is sick".

It will be noted that no right of custody of the child is given to the physician. His authority in the premises is limited to prescribing, recommending and advising with reference to the physical care and treatment which the child should receive. ■ The decisions emanating from the appellate tribunals of this state are unanimous in the declaration of the law that in divorce actions, in dealing with the welfare of the children of the parties thereto, a very expansive discretion is conferred upon the trial court. (*Simmons* v. *Simmons*, 22 Cal. App. 448 [134 Pac. 791]; *Black* v. *Black*, 149 Cal. 224 [86 Pac. 505]; *Jones* v. *Jones*, 49 Cal. App. 165 [192 Pac. 867]; *Bancroft* v. *Bancroft*, 178 Cal. 352 [173 Pac. 582].) Nor in the order to which reference has been had is this court able to perceive any violation by the trial court of the power conferred upon it by the provisions of section 138 of the Civil Code.

■ In effect, the findings and judgment of the trial court are that, from a legal standpoint the settlement agreement between the parties to the action was fair, just and equitable. In connection therewith, appellant complains that each of several specified findings of fact made by the trial court does not find support in the evidence. A state-

ment herein of each of such findings, together with a *résumé* of the evidence applicable thereto, would require no inconsiderable industry on the part of this court, which in the end would be of no material benefit either to the parties directly interested or to any other person. Therefore it is deemed sufficient to state that, after an examination of the record herein, this court is of the opinion that, with one exception, as to each of such criticised findings the direct evidence relating thereto fairly justified the conclusions on matters of fact as announced by the trial court. As to the one finding not properly within such inclusion, and which related to the ownership by plaintiff of 500 shares of Seaboard National Bank stock, it appears that, although the direct evidence adduced on the trial did not support such finding, nevertheless the inferences deducible from the entire evidence in the case were such that the trial judge was warranted in finding the issue in accordance with such inferences, rather than with the direct evidence received in relation thereto. But, in any event, whether the disputed facts were found either the one way or the other, it is clear that, considering the other findings made by the trial court, the questioned finding was not controlling in the premises.

No prejudicial error appearing in the record, it is ordered that the judgment be and it is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 6, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 12, 1931.