[Civ. No. 4885. Third Appellate District.—May 26, 1933.]

WILLISTENE YOUNG, Appellant, v. ARTHUR L. YOUNG, Respondent.

John B. Haas and John D. Home for Appellant.

E. Llewellyn Overholt for Respondent.

TUTTLE, J., *pro tem.*—This is an appeal from an order modifying an interlocutory decree of divorce in respect to the custody of the minor child of the parties.

The original interlocutory decree awarded the custody and control of Newton L. Young, the minor son of appellant and respondent, to the mother, who is prosecuting this appeal. Some five months thereafter the father and re-

spondent herein moved to modify said decree so as to provide for joint custody and control of the minor, instead of the exclusive custody granted in the original decree. After a hearing in which both parties appeared, and after listening to the testimony of six witnesses, the trial court made and entered an order modifying the decree in accordance with the contention of respondent in the following language: "That both parents shall have the joint custody of the boy until further order of the court; that he continue to attend the California Military Academy; neither party is to say anything derogatory to the boy about the other at any time; that the company of the boy will be divided between the parties on alternate week-ends provided the boy shall be returned so as to allow him the opportunity of attending Sunday school; after Sunday school on the week-ends that the father has the child, he shall have the company of the child until evening, when he shall return him to the California Military Academy; the father also to have the right to have the child for one month of the summer vacation except as to the present year of 1931, unless by agreement of the parties themselves. The defendant to have the company of the child the week-end commencing Friday, May 18, 1931, and alternate week-ends thereafter."

The only point made by appellant is that there is no evidence to justify or uphold the order of modification. It is conceded that in respect to the children of a marriage which is being dissolved, the trial court becomes invested with jurisdiction during the pendency of the action, to determine to which of the spouses the custody of the children shall be assigned; that it retains such jurisdiction while the action is pending; that the welfare of the children is the paramount consideration in such a controversy, and that in the exercise of this jurisdiction the trial court is invested with a very large measure of power, which will not be interfered with upon appeal except in the clearest instance of its manifest abuse. (*Bancroft* v. *Bancroft,* 178 Cal. 352 [173 Pac. 582].)

The record here discloses that the trial court appointed an investigator who filed written recommendations which were carried out substantially in the modification of the

decree. In addition, a number of witnesses were heard. The trial judge also was closeted alone with the son of the parties, who was then about ten years old.

A recapitulation of the evidence is unnecessary. ▮ We are satisfied that the record here shows no abuse of discretion in the making of the order. On the contrary, the action of the trial court appears to have been dictated by every consideration of justice and fairness. The father, respondent herein, was a man whose character and reputation were not attacked or questioned at any stage of the proceedings. A boy on the verge of manhood needs the guiding counsel and advice of a loving father, as well as the deep and abiding influence of a mother's love. Neither element transcends the other. Both contribute to the welfare of the child, which is the ultimate end to be attained.

The order is affirmed.

Pullen, P. J., and Plummer, J., concurred.