[Civ. No. 6420.   Third Dist.   Dec. 9, 1941.]

BERTHOLD  A.  PHILLIPS, Respondent, v.  WANONA PHILLIPS, Appellant.

Gumpert & Mazzera for Appellant.

Anthony N. Pierovich for Respondent.

TUTTLE, J.—Appellant appeals from an order giving her former husband, respondent, the custody of the six year old daughter of the parties.

A final decree of divorce granted the custody of said minor to appellant. Thereafter, charging that appellant was not a fit and proper person to have the custody of the child, respondent procured an order to show cause why said decree should not be modified to the extent that he be granted her custody. The matter was set for hearing on June 19, 1939, when both sides appeared, ready for the trial of the issues involved. At that time respondent was in arrears in the payment of a monthly award of $30 for the support of the minor. The amount had been due nine days.

During the cross-examination of respondent it developed that, as stated above, he was in default in one payment of the allowance. Thereupon, appellant moved the court to dismiss or continue the hearing until "he" (respondent) "has purged himself of contempt." Later, during the hearing, the court stated:

"You may call any other witnesses. Then we will continue the matter for one week and give him an opportunity to purge himself of contempt of court before I pass upon the motion."

The hearing continued. Toward the end thereof, the following proceedings took place:

"THE COURT: The motion submitted to increase the allowance for the support of the child will be denied. The interlocutory decree will be modified at this time giving the custody of the child to the father until the further order of the court; if circumstances change down there, and the home

provided by the father is not satisfactory, you may make a motion.

"MR. SNYDER: If the court please, I want it definitely understood I by no means waive my right under the original motion, with this testimony at this time; I also at this time, if the court please—withdraw that—I don't want the court to understand my proceeding at the court's request I waived my right on my motion to dismiss the particular motion on the grounds that this man was in contempt; I made it in time and I want it to be understood.

"THE COURT: I will reopen the case—put him on the stand to testify."

Respondent then testified that he had handed to counsel for appellant a check for the payment which was overdue.

■ Appellant contends that she was deprived of a right guaranteed by article I, section 13 of the Constitution of California, which provides that: "No person shall . . . be deprived of life, liberty or property without due process of law." Counsel for appellant states that the court said the matter would be continued for one week to give respondent an opportunity to purge himself of contempt, and that relying upon said statement, he made no effort to have all the witnesses present in the afternoon of the day of hearing. The point is without merit. Prior to making the announcement last mentioned, the court said: *"You may call any other witnesses."* The intent of the court, clearly indicated, was to hear *all* the witnesses on that day, and then withhold the ruling for a week, within which time respondent might have an opportunity to pay the installment of allowance which was overdue. It was the duty of appellant then and there to produce all witnesses upon whose testimony she would rely. Furthermore, appellant made no showing as to the names of the witnesses whose testimony she asserts she was unlawfully deprived of, and the substance of the evidence which she would produce. No showing of prejudice is therefore made, assuming that the contention of appellant had any merit. The record contains some one hundred twenty-five pages of testimony. Six witnesses were called by appellant. It would seem as though she had her day in court on an issue of this character, and that she was not deprived of any constitutional right during said hearing.

Appellant also contends that the trial court was bound to award her the custody of said minor, under the provisions of section 1408 of the Probate Code, which read as follows:

"As between parents claiming the guardianship adversely to each other, neither is entitled to priority; but other things being equal, if the child is of tender years, it should be given to the mother. . . . "

That section has reference to the appointment of a guardian, and is not applicable here. Section 138, subd. 2, of the Civil Code, is very similar, however, and it reads as follows:

"As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father."

This section does not give the mother the *absolute right* to the custody of a child of tender years. The qualifying clause, "but other things being equal," still leaves a large measure of discretion with the trial court. If the court finds that other things are *not* equal, as it evidently did here, and there is any substantial evidence to support such a finding, our inquiry is at an end. The evidence is abundantly sufficient to warrant the court in exercising its discretion as it did. It showed the appellant to be employed as a waitress and bartender in an establishment known as Russell's Cafe in the town of Ione, Californa, and that while engaged in such employment, she drank considerably, played cards with the male patrons, and on occasion was observed to be under the influence of intoxicating liquor. The minor child of the parties hereto was in these surroundings many times and as late as eleven and twelve o'clock at night. The child had been abandoned to the care and control of appellant's mother, who, with her husband, operated a roadhouse, the only accommodations of which were a kitchen, bedrooms, and a bar. In this atmosphere, the child's surroundings, of necessity, confined her to the bar a great part of the time, where intoxicating liquor was sold. Appellant's mother did on occasions act as bartender and drink with the patrons in the presence of the minor child of the parties hereto. Respondent herein, the father of the minor child, was shown to be regularly employed and in a position to properly care for

the child. His plans were to live with his sister in Ione, which is situated close to his place of employment. His sister's home provided reasonable accommodations for respondent and his minor child.

The order is affirmed.

Thompson, Acting P. J., concurred.