[Civ. No. 14212. Second Dist., Div. Two. Dec. 13, 1943.]

LYDIA MARGARET RUNSVOLD, Respondent, v. GERHARD OSCAR RUNSVOLD, Appellant.

732

Edward C. Purpus and John W. Preston for Appellant.

Abbott C. Bernay for Respondent.

MOORE, P. J.—Defendant appeals from an interlocutory decree of divorce which, he asserts, is too harsh to be just. He makes two assignments, to wit: (1) the court erred in finding that plaintiff is a fit and proper person to have the custody of the minor children, ages two and six, and that defendant is not a fit and proper person to have such custody; (2) the court erred in its conclusion and the ensuing judgment that defendant is not entitled, nor shall he be permitted, to visit the minor children for a period of six months, and then only upon order of court after hearing.

In proceedings where the custody of the minor children is involved the paramount consideration is the welfare of such children. (*Beyerle* v. *Beyerle*, 155 Cal. 266 [100 P. 702].) In divorce actions the court is authorized to make such orders as it may deem necessary and proper for the custody of the children, and solely from the standpoint of the child, without being constrained by the complaint.

█ The court is vested with a very expansive discretion and with a very large measure of power in fixing the custody of the children, and in the absence of a showing of a manifest abuse of discretion will not be interfered with upon appeal. (Civ. Code, sec. 138; *Browning* v. *Browning,* 111 Cal.App. 99, 102 [295 P. 360]; *Bancroft* v. *Bancroft,* 178 Cal. 352 [173 P. 582]; *Taber* v. *Taber,* 209 Cal. 755 [290 P. 36]; *Young* v. *Young,* 132 Cal.App. 301, 302 [22 P.2d 564]; *Prouty* v. *Prouty,* 16 Cal.2d 190, 191 [105 P.2d 295]; *Black* v. *Black,* 149 Cal. 224, 226 [86 P. 505].) █ Every presumption supports the reasonableness of the decree. (*Gavel* v. *Gavel,* 123 Cal.App. 589 [11 P.2d 654]. See Prob. Code, sec. 1406.)

█ Appellant contends, however, that because the judgment deprives him of a natural, a common law right, as a matter of law, the court abused its discretion; the judgment is too harsh; the complaint specifically requested that defendant be accorded the right reasonably to visit with his children, and that in the absence of proof of his moral unfitness he should not be deprived thereof because he is convicted of cruelty toward his wife. (Citing 27 C.J.S. 1177; *Wand* v. *Wand,* 14 Cal. 512; *Kettelle* v. *Kettelle,* 110 Cal.App. 310 [294 P. 453]; *Fay* v. *Fay,* 12 Cal.2d 279 [83 P.2d 716]; 9 Cal.Jur. 794, sec. 137.) Nothing appears in any of these authorities to indicate an abuse of discretion. █ He further contends that under the evidence the court abused its discretion in finding as a fact that defendant is morally unfit to have the custody, and directs our attention to the testimony of nine witnesses. The substance of such testimony is that in the presence of those witnesses appellant was a gentleman, considerate of his wife and kind to his children. But such testimony is in its nature negative and is contradicted by competent proof of an affirmative variety. Against appellant's character as patterned by his selected witnesses there is ample proof that he is possessed of an inordinate temper, is at times cruel to his children and on occasion exhibits a ruthless disregard for the rights of others. The trial judge obviously deemed such behavior in a parent harmful to the susceptible nature of childhood. The wife testified to numerous cruelties committed by appellant in the presence of the children: he threatened to kill her and she was afraid he would shoot her; on one occasion he came to her home and tried to force his entrance and was found by police to

have a monkey wrench in his pocket; he was warned by the city attorney to desist from disturbing respondent; he struck respondent and accused her of illicit relations; he used vile and opprobrious epithets in the presence of the children; he struck respondent in the presence of the children and caused them to be frightened and to cry; he called women of the neighborhood dirty names on the street, and threatened the witnesses Mrs. Senz and Mrs. Monson that they would regret it and would answer to him afterward if they testified against him. There was evidence that the police were called to respondent's home on numerous occasions because of appellant's disturbances; that he made repeated accusations of infidelity against his wife to strangers in the neighborhood, which activity caused a petition to be signed by the neighbors protesting his misconduct; that on one occasion without justification he pulled the five-year-old son down the hallway by the ear and administered severe punishment to him in the bathroom; that on one occasion he broke into respondent's home and beat her.

This is a portion of the proof which impelled the finding complained of. The court had the additional advantage of the judicial audience. We cannot say that its discretion was abused in finding the unfitness of appellant and in restricting his parental privileges in the premises.

The judgment is affirmed.

Wood (W. J.), J., and McComb, J., concurred.

A petition for a rehearing was denied December 30, 1943, and appellant's petition for a hearing by the Supreme Court was denied February 10, 1944.