[Civ. No. 6924. Third Dist. Dec. 18, 1943.]

ERNEST JURI, Plaintiff and Appellant, v. MARY MARGARET JURI, Defendant and Appellant.

Virgil M. Airola and C. H. Hogan for Plaintiff and Appellant.

Alfred R. Lowey for Defendant and Appellant.

PEEK, J.—This involves appeals by both plaintiff and defendant from an order modifying the interlocutory decree of divorce previously granted to plaintiff.

Under the terms of the original decree the husband was awarded the complete custody of the two minor children of the parties. At the time of the hearing the boy was two years of age and the girl was three.

Four months later the mother moved the court for a modification of the decree, requesting that she be awarded the sole custody of both children. Her affidavit in support thereof alleged in particular, that due to her illness and the representations of plaintiff that he would care for the children as they had agreed; that she could be with and visit the children at any time, and that as there was no need to seek legal advice, she did not contest the action. She further alleges that plaintiff failed to keep and so provide for the children

but placed them under the complete supervision of his mother and sister, who were both unfit and improper persons to train, supervise, or care for the children; that plaintiff was not free to visit the children as agreed, and on occasions when she did visit them, the plaintiff's mother and sister, in the presence of the children, cursed defendant and degraded her and told her she was not wanted at their home.

At the hearing of defendant's petition the court observed that both parents were fit and proper persons to have the custody and control of the children, and made its order modifying the original decree so as to provide that the mother should have the children during the four summer months, and the father should have them during the remaining eight months of each year. From such order both parties have appealed.

It is the contention of defendant that a mother in a divorce action has an absolute right to the custody of infants of tender years if she is a fit and proper person, while the plaintiff contends that the trial court abused its discretion by modifying the original decree in that it was not shown that there had been a change of circumstances occurring between the time of entry of the interlocutory decree and the hearing on the petition for modification thereof.

Defendant predicates her case upon the provisions of subsections (1) and (2) of section 138 of the Civil Code, which read in part as follows:

"In awarding the custody the court is to be guided by the following considerations:

(1) By what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare; . . .

(2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; . . ."

In support of such contention she relies solely upon the case of *Washburn* v. *Washburn*, 49 Cal.App.2d 581 [122 P.2d 96], where, in holding that it was error to modify the interlocutory decree of divorce so as to remove the custody of a nine year old girl and a fifteen year old boy from their mother to the father, the court stated: ". . . it is universally recognized, that the mother is the natural custodian of her young. This

view proceeds on the well known fact that there is no satisfactory substitute for a mother's love. So true is this that in this state the code exacts that she shall have custody of her child, everything else being equal, . . . In the case of girls it is obvious that they are particularly in need of the sympathy, affection, consideration and tender care which only a mother can give—and so normally they should be in her custody.''

However, such decision does not hold that the provisions contained in said subsection (2) of section 138 of the Civil Code are mandatory. On the contrary the court adhered to the basic principle stating that ''In custody cases the underlying principle, paramount to all others, is the welfare and best interest of the child,'' with the added qualification that ''each case must be determined upon its own facts.''

The court therein further held that as there was not a sufficient showing of changed circumstances occurring subsequent to the original decree which were inimical to the child's welfare the original order giving sole custody to the mother should not have been disturbed.

Here the record discloses that the mother bases her case not alone upon changed circumstances since the original order was made, but also upon the fraudulent misrepresentations of the father, prior to the filing of his complaint, in order to procure the interlocutory decree without contest on her part. Under such conditions the court properly allowed evidence not only in relation to matters occurring subsequent to the uncontested hearing but also upon matters as they existed at the time of the first hearing.

To offset such showing on the part of the defendant, the plaintiff's testimony and that of his mother, sister and brother was almost solely in rebuttal thereto, and that the defendant was inexperienced in and ignorant of the care of children. The defendant's testimony directly refuted such contentions by showing her experience gained in the care of small children which was her sole means of support while attending teachers' college, and since that time by her activity and experience as an elementary grade teacher, which testimony was corroborated by other witnesses. It cannot be said that defendant has not made a sufficient showing to warrant action by the trial court. The only question is, was it a proper order under the circumstances?

From the record it is immediately apparent that the pri-

mary source of difficulty between the plaintiff and defendant was the strained relationship between the defendant and the plaintiff's family, with whom they lived during their entire married life. Unfortunately for both parties the plaintiff failed to establish a separate home for his family. Living as they did they were under the complete dominance of plaintiff's mother. By virtue of the interlocutory decree and the modification therefor she has been, and for all practical purposes is, the person having the sole care and custody of the children, a condition which can be only a continuing source of aggravation as regards the children and their parents, and a condition not at all conducive to the reconciliation which was suggested by the trial court.

The trial court, by dividing the custody of the children between the parents in accordance with its expressed views that both "plaintiff and defendant were proper persons to have the custody of the children" and that the defendant should not be denied the association and custody of the children for a "portion of the year," undoubtedly was making a conscientious attempt to satisfy all parties. However, the children involved in a custody proceeding should not be made the pawns of the personal desires, either on the part of the contestants or the court, no matter how sincere such desires may be.

In the case of *Stever* v. *Stever*, 6 Cal. 2d 166 [56 P.2d 1229], the trial court, by an order modifying a previous decree, changed the custody of a minor from its mother to the parents of the father. No finding as to the fitness of the parents was made. Upon appeal the Supreme Court reversed the trial court and held that before the court can deprive the mother of her right to the minor's custody and give her into the charge of strangers there must be a finding that the mother is an unfit person to have the custody of her child, upon the principle that a presumption attaches to all custody proceedings that the best interests of the child will be served by lodging its custody with its parents. (*Newby* v. *Newby*, 55 Cal.App. 114 [202 P. 891].) See, also, *In re White*, 54 Cal. App. 2d 637 [129 P.2d 706].

It would not be difficult to argue by analogy from the principle expressed in those cases, that as such a presumption attaches as between parents and strangers to the child then by the plain intent and language of said subsection (2)

of said section 138, a like presumption attaches in questions of custody as between parents, and, ''other things being equal,'' that before an order could be made granting custody in derogation of such language there likewise should be a specific finding that either the mother or father, as the case might be, was not a fit person to have custody, or if a proper person, that the welfare of the child would best be served by awarding said custody to the other.

Under the facts and circumstances of the present case and the statement by the trial court that both parties were ''proper persons to have the custody of the children,'' which was in effect a ruling that everything was equal as between the parents, we think that, in view of the provisions of section 138 of the Civil Code, and the tender years of the children, the trial court, in the exercise of its discretion, should have awarded the custody of said children to the mother.

However, this court in the case of *Phillips* v. *Phillips*, 48 Cal.App.2d 404 [119 P.2d 736], held that the qualifying clause of subsection (2) of said section 138, ''other things being equal,'' leaves a large measure of discretion with the trial court. Here the trial court, in the exercise of its discretion, has impliedly found that although the mother is a fit and proper person, the best interests of the children will be served by dividing their custody between their parents.

As we are unable to say that said court abused its discretion, we are constrained to sustain the order from which both parents have appealed.

The order is affirmed.

Thompson, J., and Adams, P. J., concurred.