[Civ. No. 3709.   Fourth Dist.   Sept. 16, 1948.]

RUTH PATTISON DI GIORGIO, Appellant, v. JOSEPH A. DI GIORGIO, Respondent.

West, Vizzard & Howden and Gordon L. Howden for Appellant.

Werdel & Di Giorgio and V. P. Di Giorgio for Respondent.

GRIFFIN, Acting P. J.—In 1942, plaintiff filed an action No. 38192 in Kern County, for divorce against defendant, and asked custody of the minor child of the parties. All parties lived there at that time. No service of summons was had.

On April 26, 1944, while both parties and the child were in Florida, the court there awarded the husband. a divorce from his wife and found that she should be awarded the "exclusive custody" of the child (then 7 years old) until he reached the age of 12 years, unless ordered otherwise by the court. The right of reasonable visitation by the father was permitted. The trial court there found that at that time, unless it was sooner shown that the child's welfare would require earlier change, the child's interest in "those things which are masculine and in which the father might be more helpful," i. e., "outdoor activity such as hunting, fishing, boating, golfing, etc.," circumstances might dictate a change of custody unto a worthy father; that $140 per month should be allowed to the mother for the minor's maintenance until the child was 12 years of age, or during the time she had the custody or until otherwise ordered, and that jurisdiction of the cause as to the care, custody and support of the child was reserved to that court. Judgment was entered accordingly.

Thereafter the parties returned to California. The father resumed his residence in Kern County and fully complied with the order for payment of support money for the child. The mother returned to San Francisco with the boy. On October 7, 1946, she commenced this action in the Superior Court of the City and County of San Francisco. She alleged that she and the child were residents of that city, and in her complaint she set up generally the terms of the Florida decree and alleged that since the rendition of that decree circumstances and conditions had changed and the needs of the minor were greater; that $140 per month was not sufficient to support and educate him; that defendant was wealthy and able to provide more money for his support. She prayed for an equitable decree requiring defendant to pay a reasonable sum therefor and "such other relief as to the court may seem meet and proper."

Defendant demurred to the complaint and filed a motion for change of venue to Kern County on the ground that his residence was in that county. Plaintiff opposed the motion and asked that the cause be retained in the city and county of San Francisco for the sake of convenience of witnesses and of the child. The action was transferred. There was no appeal from

that order. On February 5, 1947, defendant filed in Kern County his answer to the complaint and also filed a cross-complaint in which he sought custody of the minor child.

On March 5, 1947, defendant husband appeared and answered the complaint in case No. 38192, filed in 1942, and affirmatively asked custody of the child and moved to consolidate that action with the present action for the purpose of trial. On March 17, the court, for lack of prosecution, dismissed the former action.

Plaintiff demurred to defendant's cross-complaint in this action on the ground of lack of jurisdiction and moved to strike it. The demurrer was overruled and the motion denied. Thereafter, on October 9, 1947, this action went to trial on the pleadings thus framed. Plaintiff objected to the introduction of any evidence on the cross-complaint for lack of jurisdiction, which objection was overruled. After trial the court found generally that plaintiff, defendant and the minor child appeared in person and through their attorneys; that the parties were sworn and examined and the court discussed with the minor child his desires as to which parent he preferred to have custody of him; that he expressed the desire to be with his mother; that the minor would be 12 years of age on April 29, 1948; that the father was better able and qualified to give the child education and preparation for labor and business; that each party was a fit and proper person to have custody of him but the best interests of the child required that the father be given custody for nine months during the school term and the mother have custody for the three months' vacation period subject to the right of reasonable visitation by each; that defendant pay $160 per month to plaintiff during the period the boy was with the mother for his support and maintenance. Judgment was entered accordingly. Plaintiff and cross-defendant appeals from that portion of the judgment depriving her of custody for the nine months' period.

■ The first point raised is the question of jurisdiction of the Superior Court of Kern County to hear and decide the question of the custody of the minor child based upon the cross-complaint, where there were no allegations or proof that the child was, at the time of filing the cross-complaint, a resident of Kern County. It is contended that jurisdiction to determine the custody of the minor child, under the facts related, was a purely local matter, citing *Titcomb* v. *Superior Court,* 220 Cal. 34 [29 P.2d 206]; and *De La Montanya* v. *De La Montanya,* 112 Cal. 131 [44 P. 354].

In the Titcomb case the parties had been previously divorced in Arizona. The decree was final and no attack was made upon it. The father brought an action in the Superior Court of Santa Clara County asking the court to award him the custody of the minor children. It was not an action for support. The complaint did not allege either that the minors were residents of or domiciled in Santa Clara County. Neither did it allege that the plaintiff had his residence in that county. The decision points out that there were two theories upon which that court could acquire jurisdiction: The first would be that the minor was physically present in that county but that no such allegation was made. The second theory that would give jurisdiction to that court would be if it could be alleged that the father was a resident of that county and, by fiction of law, that the residence of the father was the residence of the minor child. The court rejected both theories advanced by the plaintiff.

If the defendant husband, Mr. Di Giorgio, had originally brought a suit in Kern County to obtain custody of the child then residing with its mother in San Francisco he would have been properly met with the jurisdictional question, but such is not the case.

Respondent here argues, and with some merit, that since the action filed in San Francisco seeking increased child support was an action in equity and of a personal and transitory nature, and since that court acquired original jurisdiction of the parties, and since that action was transferred to Kern County by proper order, from which no appeal was taken, the Kern County court, having properly acquired jurisdiction of the equitable action for one purpose it will, under well-established rules, retain jurisdiction to the final adjustment of all differences between the parties arising from the cause of action presented, and the court's power is not limited to the relief requested by the plaintiff.

*Foy* v. *Foy*, 23 Cal.App.2d 543 [73 P.2d 618], was an equity action instituted by the husband, attacking the provisions of a divorce decree as to the custody of the minor child and the order for payment of its support, rather than proceeding by motion in the divorce action. The court there said that under the issues presented it was the duty of the court, sitting in equity, to determine the issues of custody and support and not leave it to further litigation, and that a court of equity, in the exercise of its chancery powers, has inherent jurisdiction, independent of statute, to award and control the custody of children and,

incident thereto, it may provide for the maintenance of a child pending the determination of its custody. (See, also, *Flood* v. *Templeton,* 152 Cal. 148 [92 P. 78, 13 L.R.A.N.S. 579]; *Newport* v. *Hatton,* 195 Cal. 132 [231 P. 987]; *Walsh* v. *Majors,* 4 Cal.2d 384 [49 P.2d 598]; *Mergenthaler* v. *Mergenthaler,* 69 Cal.App.2d 525 [160 P.2d 121]; *Sonnicksen* v. *Sonnicksen,* 45 Cal.App.2d 46, 52 [113 P.2d 495].) It would therefore seem quite proper under the original action instituted by plaintiff for modification of the Florida divorce decree seeking additional support for the minor child, for the defendant to appear and in defense of plaintiff's claim for such increased support and modification, offer to provide for the child in some proper training or military school, which offer was made in the trial of this action, and the trial court would, no doubt, have the authority to take this fact into consideration in determining the amount of support money due to plaintiff, if any, and would be authorized to award temporary custody of the child to the father during such period, as a part of the proper determination of the issue first presented. When plaintiff and appellant submitted to general equity jurisdiction, seeking a change in the divorce decree formerly entered, she was there for any proper order the court might make on whatever became equitable issues in the cause instituted by her.

The action of the trial court in refusing to dismiss the cross-complaint by reason of its claimed lack of jurisdiction must be sustained.

■ There was considerable testimony introduced by the parties to this action relating to the capabilities of the parties to care for and educate the child, and as to which party should have custody for this purpose. It has been uniformly held that in dealing with questions relating to the care, custody and education of minor children of divorced parents, particularly as to a child of the age of the minor here involved, there is confided to the trial court a very extensive discretion in adapting its orders to varying circumstances and conditions with the view to always serving the highest and best interests of the child and to retain jurisdiction over its order in this respect. A reviewing court does not have the power to interfere with the exercise of discretion except in the clearest instance of its manifest abuses. (*Swenson* v. *Swenson,* 101 Cal.App. 440 [281 P. 674]; *Russell* v. *Russell,* 20 Cal.App. 457 [129 P. 467].)

The portion of the judgment appealed from is affirmed.

Mussell, J., concurred.