[Civ. No. 16623.   Second Dist., Div. Two.   Feb. 16, 1949.]

JOAN  H.  PRIEST,  Appellant,  v.  LONNIE  E.  PRIEST,
Respondent.

Murphey & Davis for Appellant.

G. M. Gannon for Respondent.

MOORE, P. J.—From a decree denying plaintiff's applica-
tion for divorce and custody of her child she appeals.

The couple separated in July, 1946, and on September 20,
1946, plaintiff filed her complaint for divorce alleging extreme
cruelty and demanding custody of their child born October

11, 1945. The court found that respondent had not been guilty of extreme cruelty; that plaintiff had refused to leave the home of her parents to live with him; that ''both parties are presently fit and proper persons to have custody and care of said child.'' In denying the divorce the court ordered that the custody of the child be divided equally between its parents for successive three-month periods provided that ''custody upon request shall be delivered personally by the parent then having custody of said child to the custody of the other parent who in order to receive custody shall appear personally to receive the same.''

The first ground for reversal urged by appellant is that the finding that respondent was not guilty of extreme cruelty is not supported by the evidence. The record discloses no encouragement for such contention. As plaintiff in the action appellant had the burden of proving the alleged extreme cruelty. In this she signally failed. The court was therefore precluded from making any findings other than those filed. No evidence is required to support a finding negating misconduct when there is no proof that it ever happened. If it never occurred, it never existed.

The only evidence of extreme cruelty discloses acute differences of opinion between husband and wife as to the method and extent of the discipline to be administered to the infant, and the husband's insistence that his ideas should prevail. Appellant contends that such behavior caused her great embarrassment and mental anguish and induced the fear that the child would be mistreated. There is also evidence of disagreements with ''in-laws'' and interfamily quarrels which caused respondent to prefer to spend his nights sleeping in the family car rather than in the boudoir of appellant. While such conduct may have been disagreeable to appellant, yet the trial court concluded that it did not constitute extreme cruelty. Inasmuch as neither the findings nor the evidence discloses error in such conclusion it cannot be disturbed on appeal.

A more serious question is presented by the trial court's disposition of the custody of the child. Section 138, subdivision (2) of the Civil Code provides that ''other things being equal, if the child is of tender years, it should be given to the mother.'' Relying thereon appellant asserts that she should have been given exclusive custody. (Citing *Washburn* v. *Washburn*, 49 Cal.App.2d 581 [122 P.2d 96]; *Juri* v. *Juri*, 61 Cal.App.2d 815 [143 P.2d 708]; *Moon* v. *Moon*, 62 Cal.App.

2d 185 ]144 P.2d 596] ; *Peterson* v. *Peterson,* 64 Cal.App.2d 631 [149 P.2d 206] ; *Bemis* v. *Bemis,* 89 Cal.App.2d 80, 90 [200 P.2d 84] ; *Loomis* v. *Loomis,* 89 Cal.App.2d 232, 238 [201 P.2d 33].)   These authorities are not pertinent. In each of them the court had granted a divorce and largely determined the right to custody with reference to the guilt of the parties. In the instant case the court denied a divorce and its award of custody was made in view of that denial. That in custody cases the underlying and paramount principle is the welfare and best interest of the child (*Washburn* v. *Washburn, supra*) cannot be gainsaid. But the ''best interests of the child'' in one case may demand a far different award in another.   Also, the fact that a divorce has been denied is a factor largely controlling in determining what is for the child's best interests which may be materially affected by the happiness and contentment of the father who is in the case of a nondivorced couple entitled to designate the habitation of his children.

In view of the finding of the equal fitness of the parents herein to have custody of the three-year-old child and of the provisions of section 138 (Civ. Code) it would not have been amiss for the court to award exclusive custody to the mother. But a generous discretion is vested by the qualifying clause of subsection 2, to wit, ''other things being equal.'' (*Phillips* v. *Phillips,* 48 Cal.App.2d 404, 407 [119 P.2d 736].) In the exercise of such discretion the court below has impliedly found that the best interests of the child will be served by dividing its custody between the parents. (*Juri* v. *Juri,* 61 Cal.App.2d 815, 820 [143 P.2d 708].) Since no showing is made of the court's abuse of its discretion, its conclusion cannot be disturbed.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.