[Civ. No. 4303.   Fourth Dist.   Apr. 25, 1951.]

ELSIE V. MORGAN, Appellant, v. WILLIAM H. MORGAN, Respondent.

T. R. Claflin for Appellant.

Hyman Gold and Harry Gold for Respondent.

GRIFFIN, J.—In an action by plaintiff for a divorce on the grounds of extreme cruelty the court granted her a divorce, awarded her custody of one minor child (then aged 3½ years) and awarded custody of another child (Robert Morgan, then aged 2½ years) to defendant.

The plaintiff appeals only from that portion of the judgment awarding custody of the child to defendant. She contends that since the trial court found that "both parties are at this time fit persons to have the custody of the minor children" it was obligated to award the custody of both children to her under section 138 of the Civil Code, subdivision 2, which section recites that neither party is entitled to the custody as of right; but "other things being equal" if the child is of tender years, it should be given to the mother. In support of this contention she cites *Loomis* v. *Loomis*, 89 Cal.App.2d 232 [201 P.2d 33].

We have carefully read the record before us. Plaintiff accused defendant of intoxication and infidelity. Defendant accused plaintiff of the same acts. Evidence was produced which might warrant such a finding as to either. ■ The question for the trial court to determine was not which one was "not a fit person" to have the custody of the children, but what was the best interest of the children. (*Miller* v. *Higgins*, 14 Cal.App. 156 [111 P. 403].) ■ The custody of a minor child may be awarded to the offending party notwithstanding the fact that a divorce has been granted against him on the grounds of his adultery or cruelty. (*In re DeLeon*, 70 Cal.App. 1 [232 P. 738].) ■ The expression "other things being equal" leaves a large measure of discretion with the trial court. It has been held that where a divorce has been denied and both parties were found fit persons to have custody, the award of the child to the father was not an abuse of discretion. (*Priest* v. *Priest*, 90 Cal.App.2d 185 [202 P.2d 561].) The court there stated, at page 187:

"In view of the finding of equal fitness of the parents herein to have custody of the three-year-old child and of the provisions of section 138 (Civ. Code) it would not have been amiss for the court to award exclusive custody to the mother. But a generous discretion is vested by the qualifying clause of subsection 2, to wit, 'other things being equal'. . . . In the exercise of such discretion the court below has impliedly found that the best interests of the child will be served by dividing its custody between the parents. . . . Since no showing is made of the court's abuse of its discretion, its conclusion cannot be disturbed."

This section leaves a large measure of discretion with the trial court. (*Phillips* v. *Phillips*, 48 Cal.App.2d 404 [119

P.2d 736] ; *Booth* v. *Booth,* 69 Cal.App.2d 496 [159 P.2d 93] ; *Runsvold* v. *Runsvold,* 61 Cal.App.2d 731 [143 P.2d 746].)

After hearing all of the conflicting evidence the trial court disapproved a separation agreement entered into between the parties respecting the custody of the minor children and ordered that custody be awarded as indicated ''until the further order of the court'' and allowed reasonable visitation privileges by the parents. There is substantial evidence in the record to support a rational inference that the order is for the best interests of the child and such evidence does not appear incredible. Since there is nothing to impeach the fairness or good faith of the decision it would be in excess of our authority to disturb the determination of the trial court. (*Lefebvre* v. *Lefebvre,* 48 Cal.App. 483 [192 P. 76] ; *Di Giorgio* v. *Di Giorgio,* 87 Cal.App.2d 576 [197 P.2d 213] ; *Jones* v. *Jones,* 49 Cal.App. 165 [192 P. 867] ; *Nave* v. *Nave,* 35 Cal. App. 27 [169 P. 253].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.