[Civ. No. 17932.   Second Dist., Div. Three.   Apr. 27, 1951.]

MILTON CAMPBELL, Respondent, v. VIOLET CAMP-
BELL, Appellant.

John R. Sahanow and Morris Lavine for Appellant.

Harry C. Allen for Respondent.

VALLÉE, J.—Appeal by defendant wife from a judgment for plaintiff husband in an action for exclusive control of the children of the marriage. Defendant filed a cross-complaint for a divorce which was denied. No question is raised as to the propriety of the judgment insofar as it denied defendant a divorce.

The action was brought under the provisions of Civil Code, section 199. The parties were married August 9, 1936. They separated in June, 1949. They have three minor children aged 10, 8, and 4, respectively. The complaint alleged that for more than three years defendant "has habitually resorted and committed adultery with another man; that for more than ten days last past she has consistantly insisted that Janice Eileen Campbell was the child of said other man and not the child of this plaintiff; that by reason of the foregoing defendant is an unfit person to have custody of said minor children"; that plaintiff is a fit and proper person to have the care, custody, and control of the children; that he is ablebodied and well able to provide for them. The answer denied generally the allegations of the complaint. The cross-complaint prayed for a divorce and custody of the children. It alleged cruelty; that cross-complainant (defendant) is a fit and proper person to have custody of the children, and that cross-defendant (plaintiff) is not. The answer thereto denied the allegations of the cross-complaint and alleged that cross-complainant had informed cross-defendant that she had committed adultery with one Scholer and that Scholer was the father of the youngest child and that "by reason of the fact that she habitually frequented beer parlors until one and two o'clock A. M., and used violence and abusive language to the said minor children she is entirley unfit to have their custody, or the custody of any of them."

The court found that all of the allegations of the complaint were true and that all of the allegations of the cross-complaint, to which we have referred, were untrue. The judgment awarded the care, custody, and control of the children to plaintiff with the right in defendant to have them in her care at certain specified times. Defendant appeals.

■ Defendant claims that the complaint does not state facts sufficient to constitute a cause of action. We think it does, but it is not necessary to decide the question for the reason that custody of the children was expressly made an issue by the cross-complaint and the answer thereto and the court had power, even though it denied defendant a divorce, to make such order for the care, custody, and control of the children as seemed to it necessary or proper. (*Jacobs* v. *Jacobs*, 68 Cal. App. 725, 731 [230 P. 209] ; *Priest* v. *Priest*, 90 Cal.App.2d 185 [202 P.2d 561].)

■ It is urged that the court abused its discretion in awarding custody of the children to plaintiff in that it was

not shown that defendant was an unfit person to have their custody. The claim is untenable. There was evidence that while living with plaintiff, defendant committed adultery with Scholer over a period of some six years; after the parties separated Scholer stayed at her apartment until late hours of the night on many occasions; she made numerous trips with him and on some of them took the youngest child with them; she taught the youngest child to call Scholer "Daddy"; she told plaintiff that Scholer was the father of the youngest child; when Scholer's wife pleaded with defendant to give him up she told her, "I will do as I damn please"; she spent nearly every day and many evenings in a cocktail bar until 12 or 1 a. m.; she used vile and profane language to and in the presence of the children; plaintiff's mother, who lived in the home, took care of the children for six or seven years prior to the commencement of the action. Defendant testified that while living with plaintiff she had committed adultery with Scholer over a period of some six years; in her opinion Scholer was the father of the youngest child; prior to the time plaintiff learned of defendant's association with Scholer he (plaintiff) had been a good husband and provider; and that plaintiff's mother took good care of the children. In the cross-complaint defendant alleged that there were three children of the marriage, naming the youngest child; at the trial she amended to allege that there were two—the two oldest.

We think it patent that the court did not abuse its discretion in awarding custody of the children to plaintiff. ■ In a proceeding where the custody of minor children is involved the paramount consideration is the welfare of the children; and the court is not constrained by the complaint. ■ It has a large measure of discretion; and in the absence of a clear showing of abuse, its determination will not be disturbed on appeal. (*Runsvold* v. *Runsvold,* 61 Cal.App.2d 731, 733 [143 P.2d 746].) The facts in the present case are quite similar to those in *Bush* v. *Bush,* 72 Cal.App.2d 487 [164 P.2d 774], in which it was held that the trial court had not abused its discretion in awarding custody of a child of tender years to the father. ■ Defendant argues that because plaintiff is a working man, the effect of the judgment is to give custody of the children to his mother. The judgment awards custody to plaintiff, not to his mother. If it is necessary that his mother care for the children while he is working, defendant

cannot complain—she brought about her loss of their custody and was perfectly satisfied for a long period of time to allow plaintiff's mother to care for them. As we have said, she testified that plaintiff's mother took good care of them.

During the trial defendant made a motion for an order that the children be produced in court. The motion was denied. Error is claimed. We find no abuse of discretion in not requiring that the children be produced in court where their parents were engaged in an acrimonious struggle for their custody. If the purpose of the motion was so that the court could see the youngest child and compare her appearance with the older children and with plaintiff, no purpose would have been served. Photographs of the children were in evidence. The court was satisfied from the photographs and other evidence that the youngest child was the child of plaintiff and defendant.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.