BURDENE TARLING, Respondent, v. MAURICE
TARLING, Appellant.

Jones & Weldon for Appellant.

Wisot & Litwin for Respondent.

FOURT, J.—This is an appeal from a judgment with refer-
ence to the custody of a child.

The parties hereto were married in Las Vegas, Nevada, on

November 16, 1947. One child, David, was born as the issue of the marriage. At the time of the divorce action the boy was about 4½ years of age. The plaintiff, hereinafter referred to as the mother, was granted an interlocutory decree of divorce on November 1, 1954, and was awarded the custody of the child. The defendant, hereinafter referred to as the father, was ordered to pay $15 per week for the support and maintenance of the child and granted the right of reasonable visitations. There is no copy of the final judgment in the record before this court, but presumably it contained substantially the same provisions as the interlocutory judgment contained with reference to the custody, support and maintenance of the minor child.

On May 7, 1957, it was stipulated between the parties that the order of November 1, 1954, be modified in one respect to the end that the father could have the child during the summer school vacations. In August 1957 the father sought the full custody of the child and on September 4, 1957, pursuant to stipulation, the judge appointed a court investigator to investigate and file a written report. Such a report was filed. The investigator recommended that the custody of the child be awarded to the mother and that the father have rights of visitation. The record does not disclose exactly and completely the contents of the order which was made by the court with reference to the father's petition for a modification of the orders theretofore made.

On August 19, 1959, the father made an affidavit which set forth, among other things, that on November 5, 1957, the court made an order "pursuant to stipulation" which in effect provided that neither party should remove the child from Los Angeles or Orange Counties except by written consent or order of the court and that neither party should speak of the other in a derogatory manner; and that "It is further stipulated that defendant's motion for custody of the minor child is denied."

The affidavit of the father further set forth that conditions and circumstances surrounding the parties had changed since the last order of the court and that the child should be with the father subject to the right of visitations by the mother.

The court ordered the plaintiff to appear and show cause on September 10, 1959, why the order of November 5, 1957, should not be modified as requested in the affidavit of the father.

Apparently, the matter came on to be heard and was par-

tially heard (although the record before this court does not disclose the extent or date of such hearing or hearings or what took place therein). The record does set forth that the further hearing was continued to October 23, 1959. On the date last mentioned the parties and the child were in court and the judge apparently requested that the boy be brought into his chambers for questioning. The record does not show whether the mother and father were present in chambers with the judge and the child. However, the attorneys for the parties apparently were present during all of the examination of the child by the judge. The child stated in answer to the questions, in effect, that he lived with his mother during the school term and spent the summer vacation period with his father; that he would prefer to live with his father; that he did not think he would get a college education if he stayed with his mother; that his father had said that if he were with him he would send him to college; that his mother worked and he was with a baby sitter from the close of the school day until his mother arrived home from work; that he got plenty of nourishment; that he was one of the eight outstanding students in his school; that both of his parents treated him very well.

The reporter's transcript shows that the court reporter was then excused from the chamber proceedings and that thereafter proceedings were had ''off the record.'' The matter was then adjourned to open court and the judge stated that he had discussed the matter with the child and that he understood that the father rested his case without further evidence, and counsel for the father stated, ''that is true. . . .'' Counsel for the mother moved for a dismissal of the proceeding upon the ground that there had been a failure to show any cause or to show any substantial change since the order was made placing the custody of the child with the mother and that it would be to the best interests of the child to remain with his mother. The judge stated that, ''it is the court's opinion that there has been nothing in the evidence to indicate that custody should be changed at this time; so the court is dismissing the order to show cause.'' We assume that in fact what the court did was to deny the father's application for a modification of the orders previously made with reference to the custody of the child.

The father asserts that it was error for the court to allow ''respondent's motion for a non-suit''; that the court failed to give force and effect to section 138 of the Civil Code and that when a minor child exercises his choice in selecting the parent

of his desire to live with the court commits error in not giving effect to such choice.

It is entirely proper with the knowledge and consent of the attorneys for the parties, for a judge to question the child himself. The information obtained from such questioning was evidence in the case. The judge learned more from the interview and the questions and answers than the answers in and of themselves might suggest. The judge had an opportunity to observe the child and to see his reactions to the various questions. Such evidence is similar to the view which a trial judge on occasion takes of property. When the judge takes such a view, with consent of counsel, it is evidence in the case and may be used alone or with other evidence to support his holdings. (*Smith* v. *Smith,* 135 Cal.App.2d 100, 105 [286 P.2d 1009].)

Section 138, Civil Code, provides in part as follows:

". . . In awarding the custody the court is to be guided by the following considerations:

"(1) By what appears to be for the *best interests of the child* and *if* the child is of a sufficient age to form an intelligent preference, the court *may* consider that preference in determining the question; (Emphasis added.)

"(2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, *if* the child is of *tender years,* custody should be given to the mother; if the child is of an age to require education and preparation for labor and business, then custody should be given to the father." (Emphasis added.)

The question of the custody, support and education of a child in circumstances as are presented in this case are addressed to the sound discretion of the trial judge. Necessarily a large measure of discretion is given to the trial judge. (*Morgan* v. *Morgan,* 103 Cal.App.2d 776 [230 P.2d 130]; *Jenkins* v. *Jenkins,* 125 Cal.App.2d 109, 117 [269 P.2d 908]; *Stewart* v. *Stewart,* 130 Cal.App.2d 186, 193 [278 P.2d 441]; *Smith* v. *Smith, supra,* 135 Cal.App.2d 100, 103 [286 P.2d 1009]; *Miller* v. *Hedrick,* 158 Cal.App.2d 281, 285 [322 P.2d 231]; *Frizzell* v. *Frizzell,* 158 Cal.App.2d 652, 655 [323 P.2d 188]; *Beal* v. *Beal,* 218 Cal. 755 [24 P.2d 768].)

We find no abuse of discretion upon the part of the judge in this case. There was nothing to show that the mother was unfit or that she was otherwise incapable of having the care, charge and control of the child.

It was up to the father to make the necessary affirma-

tive showing of the new conditions or circumstances which warranted a change. (*Prouty* v. *Prouty,* 16 Cal.2d 190, 193 [105 P.2d 295] ; *Washburn* v. *Washburn,* 49 Cal.App.2d 581 [122 P.2d 96] ; *Booth* v. *Booth,* 69 Cal.App.2d 496 [159 P.2d 93] ; *Merrill* v. *Merrill,* 167 Cal.App.2d 423, 428 [334 P.2d 583].) Furthermore, the burden is upon the father in this case to show that the trial judge abused his discretion. (*Clarke* v. *Clarke,* 35 Cal.2d 259 [217 P.2d 401] ; *Morris* v. *Morris,* 121 Cal.App.2d 707 [264 P.2d 106] ; *Ashwell* v. *Ashwell,* 135 Cal. App.2d 211 [286 P.2d 983].)

Under the particular circumstances of this case the judge was not bound to listen to the opinion of the child as to his preference and it follows, of course, that he was not bound to follow the opinion of the child.

On the record which is before us we cannot say that there has been a miscarriage of justice, nor that the trial court exceeded the bounds of reason.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

[Crim. No. 7220.   Second Dist., Div. One.   Nov. 1, 1960.]