92 Cal.App.2d 296 (1949)
Guardianship of BILLY HAROLD SLOOT, a Minor. LORNE A. CAMPBELL, Respondent,
v.
BEATRICE IMOGENE CAMPBELL GATES, Appellant.
Civ. No. 7602. 
California Court of Appeals. Third Dist. 
June 8, 1949.
 Campbell, Hayes & Custer and Austen D. Warburton for Appellant.
 Griffin & Cardozo and Herbert E. Paul for Respondent.
 ADAMS, P. J.
 This is an appeal from an order of the Superior Court of Stanislaus County, granting letters of guardianship of the person of Billy Harold Sloot, aged about 2 1/2 years, to Lorne A. Campbell, great-uncle of the boy. Appellant, who is the mother of said child, opposed the application of petitioner. The court made no findings.
 The testimony shows that on January 17, 1947, an interlocutory divorce decree was entered in Santa Clara County, in an action between appellant and her former husband, Henry Sloot, which decree awarded the custody of the child to his mother, and ordered Sloot to pay her $20 per month for its support. Two days later Sloot called respondent to come to Mountain View, where the Sloots had been living, and get the child, which he did. On this proceeding respondent testified that he consented to take the child only on condition that he should adopt it. Sloot then secured the attorneys who had represented him in the divorce proceedings to start adoption proceedings on behalf of respondent, and they secured appellant's consent to such proceedings within the next five *297 days. However, in July following, appellant refused her consent to such adoption, and the proceedings were never completed.
 On May 19, 1947, Mrs. Sloot, having established residence in Nevada, obtained a decree of divorce from Henry Sloot, and shortly thereafter she married Alfred E. Gates, in Nevada. She and her husband then returned to California and sought to secure the child from respondent. They were refused, and Mrs. Gates, and her mother who accompanied her to respondent's home, were refused permission to see the child. Respondent even called the sheriff who came but took no action.
 On August 15, 1947, Mrs. Gates sought, by habeas corpus proceedings brought in Santa Clara County, to secure possession of her child, but the proceedings were dismissed for lack of jurisdiction. On September 10, 1947, she began a similar proceeding in Stanislaus County but the writ was discharged for reasons not shown by the record before us. On December 2, 1947, this proceeding was begun and resulted in the issuance of letters of guardianship to respondent.
 [1] As previously stated, the trial court made no findings; there is, therefore, no finding that it was necessary or convenient that a guardian be appointed, and no finding that appellant, the child's own mother, is not a fit and proper person to have his custody. And it may be well said that there is nothing in the record before us which could sustain such a finding. Under these circumstances the judgment must be reversed. Section 197 of the Civil Code provides that: "The father and mother of a legitimate unmarried minor child are equally entitled to its custody, services and earnings. If either the father or mother be dead or unable or refuse to take the custody or has abandoned his or her family, the other is entitled to its custody, services and earnings."
 In numerous decisions the appellate courts of this state have held that before a court can deprive a mother of her right to the custody of a minor child and give it into the charge of strangers, there must be a finding that the mother is an unfit person to have the custody of her child. In Roche v. Roche, 25 Cal.2d 141 [152 P.2d 999], the court reviewed cases so holding. It cited Stever v. Stever, 6 Cal.2d 166 [56 P.2d 1299], where it was held that a court was not justified in awarding the custody of a minor to its grandparents, even though its own father consented, without a finding that its mother was an unfit person for the custody; Newby v. Newby, *298 55 Cal.App. 114 [202 P. 891], in which case no finding was made as to the unfitness of either parent, and though the trial court found that the best interests of the child required that custody be awarded to a stranger, such order was reversed on appeal on the theory that if either parent was a fit and proper person to have such custody, a stranger might not usurp that right; Guardianship of Mathews, 169 Cal. 26 [145 P. 503], in which, after a finding that the mother of a minor child was "an unfit, incompetent and improper person to have the care, custody or control" of a minor, a decree appointing a stranger as guardian was reversed on the ground that the evidence did not support such finding as to the mother. Other cases are cited in the Roche case, including In re White, 54 Cal.App.2d 637 [129 P.2d 706], in which this court said that the law presumes that the interest of a child will be best subserved by awarding its custody to a parent, unless such parent is unfit to have its care; that the law regards the parents as the natural guardians of their children, citing section 197 of the Civil Code; that the right of a parent to the care and custody of a child cannot be taken away merely because the court may believe that some third person can give the child better care and greater protection; and that one of the natural rights incident to parenthood, a right supported by law and sound public policy, is the right to the care and custody of a minor child, and this right can only be forfeited by a parent upon proof that the parent is unfit to have such care and custody. Also, see, Robertson v. Robertson, 72 Cal.App.2d 129 [164 P.2d 52], and Estate of Lindner, 13 Cal.App. 208 [109 P. 101].
 For the reasons above set forth it is ordered that the order of the trial court granting letters of guardianship of the person of Billy Harold Sloot to Lorne A. Campbell be reversed; and said court is directed to award the care and custody of said minor child to appellant, his mother.
 Peek, J., and Thompson, J., concurred.